[No. 15199. In Bank.—July 20, 1893.]

# BAY VIEW SCHOOL DISTRICT OF SANTA CRUZ COUNTY, PLAINTIFF, *v.* JOHN W. LINSCOTT, COUNTY SUPERINTENDENT OF PUBLIC SCHOOLS, ETC., DEFENDANT.

SCHOOL LAW—CHANGE OF SCHOOL DISTRICT BY INCORPORATION OF CITY—APPORTIONMENT OF SCHOOL FUND.—That portion of Bay View school district which lies within the exterior boundaries of the city of Santa Cruz ceased to be a portion of such school district upon the incorporation of the city, which thereupon constituted a school district by virtue of section 1576 of the Political Code, and the maintenance of a school by such district within the city limits, is not such a maintenance of a school within the district as entitles Bay View school district to demand an apportionment to it of the public school fund.

APPLICATION to the Supreme Court for a writ of mandate upon an agreed case.

The facts are stated in the opinion.

*Charles B. Younger*, for Plaintiff.

Plaintiff was legally established and organized a public school district, and all the incidents needful to its existence were annexed to it. (*Hughes* v. *Ewing*, 93 Cal. 414; *Estate of Buhner*, 59 Cal. 131.)  Plaintiff was not affected by the incorporation of Santa Cruz. (See Stats. 1865–66, p. 547, and of 1875–76, p. 189; *Hughes* v. *Ewing*, 93 Cal. 414.)  The statutes of 1869–70, page 34, and 1869–70, page 781, recognized plaintiff as an existing school district and thereby conferred power upon the board of trustees to tax property within the district, and are conclusive proof that plaintiff then existed. (*People* v. *Reclamation District*, 53 Cal. 346; *Reclamation District* v. *Gray*, 95 Cal. 601; *Jameson* v. *People*, 16 Ill. 257; 63 Am. Dec. 304; *Bow* v. *Allenstown*, 34 N. H. 351; 69 Am. Dec. 489.)  The law does not expressly vest the power anywhere to abolish an incorporated school district. (*State* v. *Jacobs*, 26 N. J. L. 135.)  Certainly Santa Cruz district could not alter, abolish or absorb plaintiff without its consent or notice to it. (*State* v. *Browning*, 27 N. J. L. 527.)  There has been for more than a quarter of a century such a practical application of the law that it cannot now be gainsayed. (*Bruce* v. *Schuyler*, 4 Gilm. 221; 46 Am. Dec. 447; *Slidell* v. *Grandjean*, 111 U. S. 412; *Anderson* v.

*Fisk,* 36 Cal. 638; Civ. Code, sec. 3516.)    The plaintiff having been a *de facto* school district for so long a time, with the entire acquiescence of everybody, its organization cannot be attacked in this collateral proceeding.    (*School District No. 2 v. School District No. 1,* 45 Kan. 543; *Stuart v. School District,* 30 Mich. 69; *People v. Maynard,* 15 Mich. 470; *Hull v. Superior Court,* 63 Cal. 174; *People v. Sassovich,* 29 Cal. 484; *First Baptist Church v. Branaham,* 90 Cal. 22; *People v. La Rue,* 67 Cal. 526; *Clement v. Everest,* 29 Mich. 19.)

*Sj alsbury & Burke,* and *Carl E. Lindsay,* for Defendant.

The plaintiff is entitled to no apportionment of money, as the school has not been maintained in Bay View district since the change of its boundaries by legislative enactment.    (See Pol. Code, secs. 1581, 1617, 1662, 1858, 1859.)    The legislature had power to withdraw the territory from Bay View school district. (*Payne v. Treadwell,* 16 Cal. 220; *Hughes v. Ewing,* 93 Cal. 414.)    The defendant is not estopped from maintaining the integrity of its boundaries, as the only way the boundaries of a school district may be established is by legislative act.    (*Hughes v. Ewing,* 93 Cal. 414; Hermann on Estoppel, p. 1365.)

TEMPLE, C. — In August, 1865, there were in Santa Cruz County two adjacent school districts, one known as the Santa Cruz school district and the other as the Bay View school district.    Since that time both have maintained their autonomy, electing trustees at the proper times, and have kept up schools within the original boundaries of their respective districts.

The Bay View district, the plaintiff here, in 1868 purchased a lot for its school-house and has since expended five thousand dollars in building a school-house upon it.    In this house its school has been since maintained where there has been an average attendance of one hundred pupils.    At every apportionment of school moneys by the superintendent of said county, up to December 15, 1891, its share has been apportioned to plaintiff and has been expended by it by orders drawn upon the treasury in the usual mode.

At the last-named date the defendant, as superintendent of schools, refused to make any apportionment to plaintiff and has

since refused to recognize plaintiff or its right to the public moneys on the grounds: 1. That said Bay View school district has no legal existence. 2. That the persons claiming to act as trustees of said alleged school district are not trustees thereof; and 3. That no public school has been maintained within the exterior boundaries of said alleged Bay View school district as defined and fixed by the order creating said district, except the public school hereinbefore referred to, which school since March, 1866, has been maintained in a school-house situate within the exterior boundaries of the town (now city) of Santa Cruz.

. The contention is, that the portion of Bay View school district within the exterior boundaries of the city of Santa Cruz has ceased to be a portion of such school district, and therefore no school has been maintained within the district. The question to be determined, therefore, is whether by the incorporation of the town or city of Santa Cruz, all that portion of the school district within the exterior boundaries of the city has been withdrawn from the district.

It was said by this court in *Hughes* v. *Ewing*, 93 Cal. 414: "The power to change the boundaries of the district, as well as to define them in the first instance, is of legislative origin, and whether exercised immediately by the legislature or mediately by a board of supervisors—the local legislature—is, whenever exercised, a legislative act. It is well settled that the legislature has the power to make such changes, and that in the exercise of this power it may make such provision respecting the property and obligations of the corporation as it may deem equitable or proper, and that its action in this respect is conclusive."

The town of Santa Cruz was incorporated by special act of the legislature March 31, 1866, and the exterior boundaries defined so as to include a large portion of Bay View school district, with the lot upon which the trustees of the school district subsequently erected their school-house, and where they have since maintained their school. March 11, 1876, the city of Santa Cruz was incorporated with the same boundaries as the town of Santa Cruz.

At the time of the incorporation of the city, section 1576 of

the Political Code read as follows: "Each county, city, or incorporated town, unless subdivided by the legislative authority thereof, forms a school district." The legislative authority of Santa Cruz has never subdivided the city into school districts.

In 1878 the above section was amended so as to read: "Each county, city, or incorporated town, unless subdivided by the legislative authority thereof, forms a school district; provided the board of supervisors may include more territory than that now included within the boundaries of any incorporated town."

March 20, 1891, this section was amended as follows: "Every county, city, or incorporated town, unless subdivided by the legislative authority thereof, forms a school district; *provided,* that whenever a city or town shall be incorporated the board of supervisors may upon petition annex thereto for school purposes only the remainder of the district or districts from which said city or town was organized, or any part thereof; *and provided further,* that whenever any territory shall be annexed to a city or an incorporated town for school purposes, the board of education or of school trustees of said city or incorporated town shall have full control for school purposes only of the territory or property so annexed."

The board of supervisors of the county of Santa Cruz has not annexed any territory to the city of Santa Cruz for school purposes. Had it done so, the authority to divide such territory with the territory of the city into school districts would have been in the legislative authority of the city or school trustees. In view of these statutes, there can be no doubt but that the city of Santa Cruz constitutes a school district.

Certain acts of the city, of the school district, and of the school superintendent, are cited as showing a recognition of the plaintiff as a school district with its original boundaries, and as an estoppel upon defendant; but an act of the legislature, within legislative power, fixing the boundaries of the political subdivisions of the state, cannot be repealed by the officers of such subdivisions not even by acts of estoppel *in pais.* After the incorporation of the city the board of supervisors ceased to have any power over the school districts within the city.

It must then be taken for granted that the portion of Bay View school district which was included within the exterior

boundaries of the city, has ceased to constitute a part of that district. The school was therefore not maintained within the district. A school was, however, maintained by the trustees of the district for the benefit of the children of the district, and there is no complaint that they have not been fully accommodated, or their educational wants fully satisfied, so far as such school could do so.

Is this such compliance with the law as will entitle plaintiff to the mandate?

It is important to remember that the money has been apportioned and paid out. There is actually no money in the treasury to be apportioned. Perhaps, if insisted upon, this would be sufficient to defeat the application. To issue the mandate now would be of no avail, nor would it compel the respondent to refund the amount on the ground that he has illegally disbursed it. If in doing so he has followed the law he cannot be made to do this no matter how great the hardship upon plaintiff. Sections 1543 to 1859 of the Political Code do not expressly provide that such school shall be *within* the district, but such is clearly the implication.

The purpose of establishing school districts is that schools may be brought conveniently near the pupils. This intent could be defeated if the trustees could maintain school out of the district. Section 5, article IX., of the constitution provides that: "The legislature shall provide a system of common schools by which a free school shall be kept up and supported in each district . . . ." The provisions made by the legislature will be presumed to be intended to effectuate this as well as other purposes, and the statutes indicate this.

Section 1858 of the Political Code gives the trustee power to manage school property *within* the district. Section 1617 requires every new district to open a school *therein* within six months. (See also secs. 1581, 1662.)

If a district may under the law maintain a school outside of the district other unpleasant consequences might follow, which it is unnecessary to specify. It is enough that so the law is written.

It is suggested that the Santa Cruz district also antedates the incorporation of the city, and according to the agreed case all

of it is not included within the city of Santa Cruz. It does not appear that the corporation now known as the Santa Cruz school district is the school district created by the statutes above cited, and whose boundaries are coincident with the city boundaries. On the contrary, it appears from the agreed case that such is not the fact. Santa Cruz school district may be in the same condition as Bay View school district, and may not be entitled to any of the school moneys for the same reason. This may be so, but Santa Cruz school district is not a party to this case. It is not bound by the agreed case here, and no question is raised or can be in regard to its rights. It would not help the case of plaintiff to show that money has been improperly apportioned to Santa Cruz school district. ·

I think the order should be denied.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the order is denied.

McFARLAND, J., FITZGERALD, J., PATERSON, J., GAROUTTE, J., HARRISON, J.

Rehearing denied.