[L. A. No. 510. Department One.—August 17, 1899.]

125 593
148 627

VERNON SCHOOL DISTRICT, Appellant, v. BOARD OF EDUCATION OF CITY OF LOS ANGELES, Respondent.

ANNEXATION OF TERRITORY TO CITY—CONSTITUTIONAL LAW—SPECIAL LEGISLATION.—The act of 1889, "to provide for the alteration of the boundaries of, and for the annexation of territory to, incorporated towns and cities, and for the incorporation of such annexed territory in and as part of such municipalities, and for the districting, government, and municipal control of annexed territory," is constitutional, and is not special legislation because conferring upon the electors of any municipality alone the privilege of petitioning the municipal authorities to make the proposed annexation, to the exclusion of the electors of the annexed territory, the residents of which are fully protected by requiring a majority of the voters thereof to authorize the annexation.

ID.—TITLE OF ACT.—The title of the act providing for such annexation is broad enough to include a provision that the "annexed territory shall be to all intents and purposes a part of such municipal corporation, except only that no part of such annexed territory shall ever be taxed to pay any portion of any indebtedness or liability of such municipal corporation contracted prior to or existing at the time of such annexation."

ID.—ANNEXATION OF PART OF SCHOOL DISTRICT.—School property forming part of annexed territory belongs to the city to which the territory is annexed, and is under the control of its board of education; and the fact that it formed part of a school district, which still maintains the organization and name of the original school district, is immaterial.

CXXV CAL.—38

Id.—Division of Property.—In the absence of statutory provisions
governing the ownership of municipal property, or of a school
district, upon the division thereof, property consisting of real
estate belongs to the municipality within which it is located
as the result of the division.

APPEAL from a judgment of the Superior Court of Los An-
geles County, and from an order denying a new trial. Waldo
M. York, Judge.

The facts are stated in the opinion.

A. B. Hotchkiss, for Appellant.

W. E. Dunn and Francis J. Thomas, for Respondent.

HAYNES, C.—Action to quiet title. Defendant had judg-
ment, and plaintiff appeals therefrom and from an order deny-
ing a new trial.

In 1876 the plaintiff purchased the property in question for
school purposes, and the same was conveyed to the trustees of
said district for school purposes only. In 1896 certain territory
was added to the city of Los Angeles, which added territory em-
braced a portion of said Vernon school district, including said
schoolsite and improvements. It is conceded that the proceed-
ings for the annexation of said additional territory to the city
of Los Angeles were regular, and the validity of said annexation
is not questioned, except by an attack upon the constitutionality
of the act of 1889, under which the annexation proceedings were
taken. The portion of Vernon school district not included in
the annexed territory still maintains its organization and name
as such district, and prosecutes this suit to quiet its title to the
property formerly conveyed to it for school purposes, but which
is now within the limits of the city of Los Angeles; and the
question is, whether said lot is now owned and should be con-
trolled by said Vernon school district, or by the board of edu-
cation of said city.

It is contended that the act of 1889 (Stats. 1899, p. 358) is
unconstitutional, in that it confers upon the electors of the mu-
nicipality a special privilege not conferred upon the electors of
the territory proposed to be annexed, viz., that of petitioning
the municipal authorities to make the proposed annexation.

This provision of the statute, however, applies to the electors of all towns and cities, and is inapplicable to all those not similarly situated. The statute is therefore general and not special, and does not confer a special privilege, since it is a privilege not denied to any elector or electors of any town or city.

The residents of the territory proposed to be added are, however, fully protected, as the annexation cannot be made unless the proposition to annex shall be submitted to the electors of such territory, as well as to the electors of the municipality, and authorized by a majority of the voters thereof.

Appellant also contends that if the effect of the annexation under the act of 1889 is to make the board of education of the city the successors in office of the trustees of the Vernon school district, such purpose of the act is not expressed in its title.

The title of said act is as follows: "An act to provide for the alteration of the boundaries of and for the annexation of territory to incorporated towns and cities, and for the incorporation of such annexed territory in and as part of such municipalities, and for the districting, government, and municipal control of annexed territory"; and the act provides: "And thenceforth such annexed territory shall be to all intents and purposes a part of such municipal corporation, except only that no part of such annexed territory shall ever be taxed to pay any portion of any indebtedness or liability of such municipal corporation contracted prior to or existing at the time of such annexation." It is too clear to require argument or illustration that this provision in the body of the act is within its title, and that for all municipal purposes, except as above stated, the annexed territory is part of the city of Los Angeles, and subject to the same municipal control and the operation of the same statutes that it would have been if originally incorporated therewith. If, therefore, public schools and school property within municipalities are subject to municipal control, it follows that the school property here in question belongs to the city and is rightfully in the possession and under the control of the board of education of said city, and is its property. Even if this territory had not been annexed to the city for municipal purposes under the act of 1889, but upon petition had been annexed to the city "for school purposes only," the part of Vernon school district so annexed·

would have been under the sole control of the board of education of the city. (Pol. Code, sec. 1576, as amended; Stats. 1891, p. 157.)

So, in the absence of statutory provisions governing the ownership of municipal property upon the division of a municipality, municipal property, consisting of real estate, belongs to the municipality within which it is located by the division. (*Los Angeles County v. Orange County,* 97 Cal. 331, and authorities there cited.) Any other conclusion would involve a conflict of jurisdiction not to be tolerated.

I advise that the judgment and order appealed from be affirmed.

Cooper, C. and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J. Van Dyke, J., Garoutte, J.