[S. F. No. 5493.— In Bank.—May 24, 1910.]

T. F. ALLEN, Petitioner, v. BOARD OF TRUSTEES OF CITY OF BAKERSFIELD, and F. G. MUNZER et al., Trustees etc., Respondents.

MUNICIPAL CORPORATIONS—CONSOLIDATION—COMPLETION BY ELECTION OF OFFICERS OF MORE POPULOUS CITY—TRUSTEES STATE AGENTS—IMPROPER ACTION—MANDAMUS.—Where contiguous municipalities of the fifth class and sixth class have voted to consolidate under the act of March 11, 1909, the trustees of the one of the fifth class, in calling an election of officers to complete the consolidation, act as agents of the state, and not as the legislative body thereof, and where neither municipality had wards, and the trustees of the fifth class passed an ordinance to elect the trustees by wards, there being no previous wards in either municipality, and where no members of its board of education were ordered chosen, *mandamus* will lie to compel such trustees to order an election of trustees at large, and to order the election of five members of its board of education.

ID.—POWER OF TRUSTEES LIMITED BY CONSOLIDATION ACT.—Inasmuch as the new or consolidated corporation is not brought into existence until the entry of the returns of the special election of its officers, the board of trustees of the larger city are merely taking one of the steps necessary to complete the consolidation, and in doing so are exercising only such authority as is specially delegated to them by the Consolidation Act, or such powers as are necessarily incident to those thereby conferred. That they are the legislative body of one

of the municipalities is a merely accidental circumstance and adds nothing to the powers conferred upon them by that act.

ID.—POWER OF DIVISION INTO WARDS.—The Consolidation Act nowhere gives authority to divide the combined territory into wards for the purpose of electing trustees from wards, while calling the election of officers for the city yet to be. The election of trustees for that purpose must be at large. After the consolidation has become complete, if the trustees of the consolidated city of the fifth class see fit to divide its territory into wards, they may in their discretion do so, by the power conferred upon them to pass an ordinance to that effect, in the Municipal Corporation Act.

ID.—CONSOLIDATED CITY TO BE OF FIFTH CLASS—BOARD OF EDUCATION REQUIRED TO BE ELECTED.—The consolidated city for which officers are to be elected to complete it is of the fifth class, and must have a board of education of five members, which must therefore be included in the call for the election to effectuate it, as being part of the governmental machinery of a city of that class. Entirely independent of what school district the city of the sixth class may have belonged to, the city of the fifth class in which it is merged will constitute one school district, composed of the consolidated territory, which must be governed by the board of education of a city of the fifth class.

ID.—POWER OF LEGISLATURE OVER SCHOOL DISTRICT.—If it were true that the proposed consolidation would result in the destruction or dissolution of the school district to which the city of the sixth class belonged, it is sufficient to say that the creation, alteration, and dissolution of municipal or other subordinate public corporations is a matter entirely in the control of the legislature, subject to constitutional restrictions on special legislation.

ID.—SCHOOL DISTRICT NOT NECESSARILY DESTROYED.—Where the city of the sixth class was included merely as part of a larger school district, such district will not necessarily be destroyed as the result of the consolidation. It will merely draw from it part of the territory originally comprised within its boundaries.

ID.—HARDSHIP EASILY REMEDIED—POWER OF SUPERVISORS.—Any hardship resulting to the outlying school district to which the city of the sixth class belonged may be easily remedied under the law authorizing the board of supervisors of the county to annex outlying territory to the city for school purposes.

APPLICATION for Writ of Mandate directed to the Board of Trustees of the City of Bakersfield.

The facts are stated in the opinion of the court.

C. E. Arnold, for Petitioner.

Matthew S. Platz, City Attorney, for Respondents.

SLOSS, J.—The petitioner, a resident, elector, and taxpayer of the city of Bakersfield, applied for and obtained from this court an alternative writ of mandate requiring the trustees, in calling an election for the election of officers for a consolidated city composed of said city of Bakersfield and the town of Kern, to call the election of the board of trustees of such consolidated city at large and not from wards, and also to embrace in their call a board of education. The facts alleged in the petition are, for the purposes of this hearing, admitted, the respondents relying solely upon a demurrer.

The proceedings heretofore taken for the consolidation of the two municipalities under the act approved March 11, 1909 (Stats. 1909, p. 282), are set forth in the opinion in *Williams* v. *Board of Trustees of Bakersfield, ante,* p. 711, [109 Pac. 482]. It was there held that the consolidated city was to be organized as a city of the fifth class. This is the class to which the city of Bakersfield belonged under its prior incorporation. Kern has been a town of the sixth class.

1. It is averred, in the petition now before us, that neither municipality was, prior to January 31, 1910, divided into wards, and that all elections held in either for officers have been at large. On said thirty-first day of January, 1910, following the determination that a majority of the electors of Kern and of Bakersfield had, at an election called for that purpose, voted in favor of consolidation, the board of trustees of Bakersfield, the body charged, under the law, with the duty of calling an election for the election of officers of the consolidated city, adopted an ordinance dividing the territory of the combined municipalities into five wards. On the same day they adopted an ordinance calling an election of officers of the consolidated city, and designating, among such officers, "a board of trustees to consist of five members, one to be elected from each ward, by the qualified electors resident in such ward of said consolidated city."

The petitioner contends that the said trustees were without power to so divide the combined territory into wards, or to call an election of trustees by wards.

The power of the board of trustees of the city of Bakersfield to call the proposed election of officers for the consolidated city is derived from section 2 of the Consolidation Act above cited. That section provides (Stats. 1909, p. 286) that after

a favorable vote upon consolidation in each of the cities proposed to be consolidated, and the due canvassing of the votes and the filing of certain abstracts thereof, the "legislative body of the one of such municipal corporations so proposed to be consolidated having the greater or greatest population," if it be not governed under a freeholders' charter, "shall proceed to call a special election to be held in all the municipal corporations so proposed to be consolidated, for the election of the officers required by law to be elected in corporations of the class to which the consolidated municipal corporation shall belong when such consolidation is completed." The section further provides for the canvass of the returns of such election, and the entry of the result thereof on the minutes of the body calling the election. Then follows the further provision that "from and after the date of such entry, such consolidation shall be deemed to be completed, and such municipal corporation shall be deemed to be consolidated into a new municipal corporation." It is apparent that, inasmuch as the new or consolidated corporation is not brought into existence until the entry of the returns of the special election of officers, the board of trustees of the larger city are not, in calling such election, acting as the legislative body of the new or consolidated city. They are taking one of the steps necessary to the complete formation of such consolidated city, and in so doing are exercising an authority specially delegated to them by the statute providing for consolidation. They may be said to be the agents of the constituent municipalities or, rather, of the state, for the purpose of carrying into effect the declared intent of the electors of the two cities. That they are the legislative body of one of the cities is a merely accidental circumstance, which adds nothing to their powers. The legislature might, if it had seen fit, have confided the duty of calling a special election to the county board of supervisors, or to some other board or officer. It follows that the only powers possessed by the board of trustees in connection with calling a special election are those conferred by the act in express terms, or such powers as are necessarily incident to those conferred. The Consolidation Act nowhere gives authority to divide the combined territory into wards for the purpose of electing trustees from wards. The respondents seek to find authority for such division in the Municipal

Corporation Act (Stats. 1883, p. 93, and amendments). Subdivision 14 of section 764 of that act gives to the board of trustees of cities of the fifth class power "in its discretion to divide the city, by ordinance, into a convenient number of wards, not exceeding five" and, when such division has been made, to designate the number of trustees to be elected from each ward. But this is a power conferred on the board in its capacity of legislative body for the municipality. The trustees of the existing city of Bakersfield are not exercising such power for the proposed consolidated city. They are authorized merely to call an election of officers for the city to be. If such election, in cities of the fifth class, were required to be by wards, the power to call an election might well be said to carry with it, by necessary implication, the power to divide into wards. Since, however, such division is not essential, but rests in the discretion of the legislative body of the city when formed, we can find no warrant for the contention that the trustees of the existing city of Bakersfield have authority, in calling an election of officers to govern the consolidated cities, to divide the territory of both into wards. The election of trustees should be at large. If, after the consolidated city is established, its trustees see fit to divide its territory into wards, they may, in their discretion, do so.

2. The call issued fails to provide for an election of members of a board of education for the consolidated city. There are now existing two school districts, which include the territory of the present cities of Kern and Bakersfield. The Sumner school district embraces all the territory within the town of Kern, and also a large territory without the corporate limits of said town. The Bakersfield school district embraces all the territory within, and much territory without, the corporate limits of the city of Bakersfield. It is alleged in the petition that the Sumner school district is the owner of large amounts of real and personal property all of which is situate within the corporate limits of the town of Kern. This district existed prior to the incorporation of said town, and, as is averred, no separate school district was ever in fact formed out of the territory embraced within the town of Kern.

The consolidated city, for which officers are to be elected, will be a city of the fifth class. The Municipal Corporation Act provides that the government of cities of this class shall

be vested in various officers, including a board of education, to consist of five members (sec. 751) ; and that from and after the organization of each of such cities, the same shall constitute a separate school district, which shall be governed by the board of education of such city. (Sec. 795; *Board of Education* v. *Board of Trustees,* 129 Cal. 599, 605, [62 Pac. 173, 605].) Section 1576 of the Political Code likewise provides that "every city or incorporated town unless subdivided by the legislative authority thereof, shall constitute a separate school district, which shall be governed by the board of education or board of school trustees of such city or incorporated town;" . . . It is questioned by counsel for respondents whether a town or city of the sixth class (e. g. the town of Kern), which is not, by the terms of the Municipal Corporation Act, given a department of education, is intended to be included within the operation of this code section. We do not regard this question as important to the determination of the present controversy. Let it be assumed that the incorporation of the town of Kern did not, *ipso facto,* create such new school district, and that the Sumner school district continued to be *de jure,* as well as *de facto,* a district comprising territory within as well as without the corporate limits of Kern. The proposed consolidation, when completed, will result in a city of the fifth class, composed of the territory within the corporate limits of the present municipalities of Bakersfield and Kern. Under the plain terms of the statutes above cited, such city will form a school district, to be governed by the board of education of such city. A board of education, composed of five members, is a part of the governmental machinery of cities of the fifth class, and it would, therefore, seem plain that a call for the "election of the officers required by law to be elected in corporations" of this class (Stats. 1909, p. 286) must include a. call for the election of five members of the board of education.

The respondents seek to avoid this conclusion by the claim that the Sumner school district constitutes a distinct and independent body politic, free and independent of any control by either of the existing municipalities, and that the electors of the cities of Kern and Bakersfield cannot, by voting to consolidate, destroy or dissolve said Sumner school district. If the proposed consolidation would result in such destruction

or dissolution, the contention would be sufficiently answered by the statement that the creation, alteration, and dissolution of municipal or other subordinate public corporations is a matter entirely in the control of the legislature, subject to constitutional restrictions on special legislation. (*Hughes* v. *Ewing*, 93 Cal. 414, [28 Pac. 1067].) We have just held, in *Williams* v. *Board of Trustees, ante,* p. 711, [109 Pac. 482], that the Consolidation Act of 1909 is a general law, and if it, together with the Municipal Corporation Act and the Political Code, has the effect of ending the life of existing school districts, the result is one due to the action of the legislature acting within its proper sphere. But, in fact, the creation of a new school district, comprising the territory of the consolidated city will not necessarily destroy the Sumner school district. Much less will the mere election of a board of education for the new city, which is all that is sought by the present proceeding, have this effect. If the Sumner school district now exists as a valid corporate entity, exercising jurisdiction over territory within and without the town of Kern, the incorporation of the territory within said town into a new district will not dissolve the old one. It will merely withdraw from it a part of the territory originally comprised within its boundaries. Such was held, in *Bay View School Dist.* v. *Linscott,* 99 Cal. 25, [33 Pac. 781], to be the effect of incorporating a city with boundaries including a part of the territory of an existing school district. "The portion of Bay View District which was included within the exterior boundaries of the city," says the court, "has ceased to constitute a part of that district." (See, also, *Vernon School Dist.* v. *Board of Education,* 125 Cal. 593, [58 Pac. 175].) The situation is similar where a portion of a school district is added to an adjacent municipality by annexation (see *Kramm* v. *Bogue,* 127 Cal. 122, 126, [59 Pac. 394]), or where, as here, the territory of two municipalities is, by the process of consolidation, brought into a single municipality. *Hancock* v. *Board of Education,* 140 Cal. 554, [74 Pac. 44], cited by respondents, is not in point. The court was there discussing the extent to which the adoption of a freeholders' charter by a city may affect the existence of a school district formed under the general law. No such question arises here, where every right claimed is based upon a general law.

The respondents urge the hardship that will be worked upon the inhabitants of those parts of existing school districts not included within the new city. The law furnishes a method of obviating such evil by authorizing the board of supervisors of the county to annex outlying territory to the city, for school purposes. (Pol. Code, sec. 1576; Municipal Corporation Act, sec. 795.)

A peremptory writ will issue as prayed.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.