HARRISON SCHOOL DISTRICT NO. 2, a school corporation et al., Appellants, v. CITY OF MINOT, NORTH DAKOTA, a municipal corporation, et al., Respondents.

(189 N. W. 338)

**School and school districts — special districts can be organized only from platted city, town or village and territory contiguous thereto.**

    1. Under the laws of this state a special school district can be organized only from a platted or incorporated city, town or village, or from such city, town or village and territory contiguous thereto.

**Schools and school districts — when incorporated city is organized into a special district all territory within city must be included within the district.**

    2. Where an incorporated city is organized into a special school district all the territory within the city must be included with the special school district.

**Schools and school districts — where special district is composed of incorporated city alone, annexations of contiguous territory ipso facto enlarges district to include such territory.**

    3. Where a special school district is composed of an incorporated city alone, and the city limits are extended by the annexation of contiguous territory to the city the special school district is ipso facto enlarged so as to include the territory annexed to the city.

Opinion filed July 7, 1922

From a judgment of the District court of Ward county, *Leighton, J.*, plaintiffs appeal.

Affirmed.

*Dudley L. Nash,* for appellants.

In any event, the city of Minot and the school board within its original territorial limits is estopped to deny the legal existence of Minot Special School District No. 1 as a special school corporation with defined territorial limits.

The city must exercise the powers delegated to it strictly according to the statutory method prescribed. All doubts are resolved against the city. Stern v. Fargo, 18 N. D. 296, 26 L. R. A. (N. S.) 665, 122 N. W. 403 .

An injunction will issue to preserve the status pending rearrangement

of territorial boundaries of subordinate political subdivisions. State ex rel. Miller v. Miller, 21 N. D. 324; State ex rel. Dorgan v. Fisk, 15 N. D. 219; See also High on Injunctions, § 1254; McQuillan on Municipal Corporations, Vol. 1 § 288; See particularly Red River Valley Brick Co. v. Grand Forks, 27 N. D. 8; 2 Spelling Extraordinary Relief, § 1802; High Extraordinary legal remedies, § 618.

Grants to cities, school corporations and to political subdivisions to annex territory in opposition to wishes and protests of people whose interests are to be affected are extraordinary.

Statutes of this nature are strictly construed. Red River Valley Brick Co. v. Grand Forks, supra.

*Palda & Aaker,* for respondent.

It is well settled that the power to organize, establish or lay off new school districts, or to divide, change the boundaries or otherwise alter existing districts is vested primarily in the legislature which may act without the assent of the inhabitants of the affected territory. 35 Cyc. 833.

And that power may be delegated to subordinate agencies or officers. 35 Cyc. 834.

'Not only may the legislature originally fix the limits of the corporation, but it may unless specially restrained in the Constitution, subsequently annex *or authorize the annexation of contiguous or other territory, and this, without the consent and even against the remonstrance, of the majority of the persons residing in the corporation or on the annexed territory.* And it is *no constitutional objection* to the exercise of this power of compulsory annexation that the property thus brought within the corporate limits *will be subject to taxation to discharge a pre-existing municipal indebtedness,* since this is a matter which, in the absence of a special constitutional restriction, belongs wholly to the legislature to determine. The power to enlarge the boundaries of a municipality by the annexation of contiguous territory is an incident to the legislative power to create and abolish municipalities at pleasure; and it is no objection to the exercise of this power, in the absence of constitutional restriction that the territory annexed to a municipality already has a complete municipal organization as a city, borough, town or village, or other *corporate form recognized by the constitution and laws of the state."* Dillon Municipal

Corporations, 355, (185) and copious notes; School Dist. v. Zediker, 47 Pac. 482, (Okla.)

When territory is duly annexed to a municipality pursuant to law, it immediately on such annexation becomes a part of the municipality *and in the absence of statutory provision to the contrary,* comes under the power, control and jurisdiction of the municipality for all purposes, *including school purposes.*   28 Cyc. 215; McGurn v. Board of Education of Chicago, 133 Ill. 122, 24 N. E. 529 (1890).

"The power of a state legislature over the boundaries of the political subdivisions of the state is absolute.   It may divide, change or abolish them at pleasure.   The exercise of this power does not in any way violate the rights of individual residents of the affected territory, either as citizens or as taxpayers.   19 R. C. L. 38; Laramie County v. Albany Co., 92 U. S. 307, 23 L. ed. 552; Pass School Dist. v. Hollywood School Dist., 156 Cal. 416, 105 Pac. 122; 26 L. R. A. (U. S. 485) ; Pittsburg's Petitions (Pa.) 66 Atl. 348, 120 Am. St. Rep. 845.

There is no contract between the citizens and taxpayers of a municipal corporation and the corporation itself that the citizens and taxpayers shall be taxed only for the uses of that corporation and shall not be taxed for uses of any like corporation with which it may be consolidated.   19 R. C. L. 38.

CHRISTIANSON, J.   This action was brought to restrain the board of education of the city of Minot from levying any taxes and from exercising any jurisdiction over certain territory described in the complaint. The ultimate question presented is whether the territory in dispute is a part of Minot special school district and under the jurisdiction of the board of education of the city of Minot, or whether such territory is a part of the plaintiff school district and under the jurisdiction of its officers.   The trial court ruled that the property in dispute is within Minot special school district and under the jurisdiction of the board of education of said city and dismissed the action, and plaintiffs have appealed from the judgment.

The material facts are not in dispute.

Prior to the year 1909, a large portion of the northwest section of what was commonly known as the city of Minot had a separate legal existence and was commonly designated as "North Minot."   North Mi-

not was in fact embraced within, and a portion of, an organized township known as Harrison township. After proceedings duly had, North Minot was annexed to the city of Minot in 1909. The legality of such annexation proceeding was contested, and the validity thereof was sustained by this court. See State ex rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 715. At the time North Minot was so annexed, and for a long period of years prior thereto, the city of Minot had been denominated and conducted as a special school district, although it appears that no record exists showing the organization of such school district. It is admitted, however, that at all times since on and prior to the date of the organization of the plaintiff school district, the so-called Minot special school district No. 1 has been functioning with officers duly elected by such school district in charge; and such officers have carried on the work imposed by law upon the board of education in a special school district. The validity of the organization of the school district had never been questioned, and the district and its officers had functioned as such for more than 30 years before North Minot was annexed to the city of Minot. The plaintiff school district, namely, Harrison school district No. 2, was organized by an order of the board of county commissioners of Ward county entered on the 18th day of May, 1889. Prior to the annexation proceedings of 1909, the organized township known as Harrison township contained all of congressional township No. 155 north of range No. 83 west in Ward county, with the exception of sections 13 and 14, which were included within the corporate boundaries of the city of Minot. At the time the plaintiff school district was organized in 1889, the same territory was included therein as the organized township of Harrison; that is, Harrison school district was organized so as to contain all of township 155, range 83, except such portion thereof as was within the corporate limits of the city of Minot.

The first question presented on this appeal is: Did the extension of the limits of the city of Minot also extend the limits of Minot special school district No. 1, and make the territory so attached to the city a part of such special school district? The trial court answered this question in the affirmative, and after a careful consideration we have reached the conclusion that the trial court's determination is correct.

The constitution of this state specifically provided that—

"The Legislative Assembly shall provide, at its first session after the adoption of this constitution, for a uniform system of free public

schools throughout the state." N. D. Constitution, § 148.

In conformity with this constitutional mandate, the North Dakota Legislative Assembly, at its first session, passed a law (chap. 62, Laws 1889-90) providing for a uniform system of free public schools throughout the state. In that act provision was made for the organization and government of special school districts. In order that the legislative policies with respect to special school districts may be more readily observed, the provisions as contained in the original enactment, and as subsequently modified and now in force, are set forth in parallel columns:

As Contained in Chapter 62, Laws 1889-90.

"All cities and incorporated towns and villages which have heretofore been organized under the general school laws, and which are provided with a board of education (except cities governed by special acts) shall be governed by the provisions of this article. Any city, or incorporated town or village, having a population of more than 300 inhabitants, may be constituted a special school district, in the manner hereinafter prescribed, and shall then be governed by the provisions of this article; Provided, That any city heretofore organized for school purposes under a special act, may adopt the provisions of this article, by a majority vote of the voters therein, in the same manner as is provided for the organization of a new corporation under the provisions of this article. "Laws 1889-90, chap. 62, § 169.

As Now in Force.

"All cities and incorporated towns and villages which have heretofore been organized under the general school laws, and which are provided with a board of education, shall be governed by the provisions of this article. Any city, or incorporated, or platted town or village, may be constituted a special school district in the manner hereinafter prescribed, and shall then be governed by the provisions of this article." Comp. Laws 1913, § 1229.

"Every such special district shall be a body corporate for school purposes by the name of "The board of education of the city, town or village,

"Every such district shall be a body corporate for school purposes by the name of 'the Board of Education of the city, town or village (as the case

(as the case may be) of —— (here insert the corporate name of the city, town or village) of the state of North Dakota,' and shall possess all the powers and duties usual to corporations for public purposes, or conferred upon it by this act or that may hereafter be conferred upon it by law; and in such name it may sue and be sued, contract and be contracted with, and hold and convey such real and personal property as shall come into its posession." etc. Laws 1889-90, chap. 62, § 171.

"When a petition signed by one-third of the voters of a city or incorporated town or village, entitled to vote at school elections, is presented to the council or board of trustees thereof asking that said city, town or village be organized as a special school district, such council or board of trustees shall order an election for the purpose, notice of which shall be given and the election conducted and returns made in the same manner as is provided by law for the annual election of municipal officers of such corporation; and the voters thereof shall vote for or against 'organization as a special school district,' at such election." Laws 1889-90, chap. 62, § 173.

"When any city, town or village has been organized for school purposes, and provided with a board of education, under any general school

may be) of ——,'" and that such school corporation "shall possess all the powers and duties usual to corporations for public purposes;" that "it may sue and be sued, * * * and hold and convey such real and personal property as shall come into its possession," etc. Comp. Laws, 1913, § 1241.

"When a petition signed by one-third of the voters of a city, incorporated or platted town or village, or a school district in which is located a city or incorporated or platted town or village entitled to vote at such election, is presented to the council, commission or board of trustees of such city, incorporated or platted town or village or school district, asking that such city, incorporated or platted town or village be organized as a special school district, such council, commission or board of trustees shall within ten days order an election for such purpose, notice of which shall be given, and the election conducted and the returns made in the manner provided by law for the annual school election; and the voters of such city, incorporated town or village or school district shall vote for or against organization as a special school district at such election." C. L. 1913, § 1243.

"When any special school district has been organized and provided with a board of education under any general law, or a special act, or under

law, or a special act, or under the provisions of this article, territory outside the limits thereof but adjacent thereto, may be attached to such city, town or village for school purposes by the board of education thereof, upon application in writing signed by a majority of the voters of such adjacent territory; and upon such application being made, if such board shall deem it proper and to the best interests of the schools of said corporation and the territory to be attached, an order shall be issued by such board attaching such adjacent territory to such corporation for school purposes and the same shall be entered upon the journal of the board; and such territory shall from the date of such order be and compose a part of such corporation for school purposes only, such adjacent territory shall be attached for voting purposes to such corporation, or if the school election is held in wards, to the ward or wards, or election precinct or precincts to which it lies adjacent; and the voters thereof shall vote only for school officers, and upon school questions." Laws 1889-90, chap. 62, § 170.

the provisions of this article, territory outside the limits thereof but adjacent thereto may be attached to such special school district by the board of education thereof, upon application in writing signed by a majortiy of the voters of such adjacent territory; provided, that no territory shall be annexed which is at a greater distance than three miles from the central school in such special district, except upon petition signed by two-thirds of the school voters residing in the territory which is at a greater distance than three miles from the central school in such special district; and upon such application being made, if such board shall deem it proper and to the best interests of the school of such corporation and of the territory to be attached, an order shall be issued by such board attaching such adjacent territory to such corporation for school purposes, and the same shall be entered upon the records of the board. Such territory shall from the date of such order be and compose a part of such corporation for school purposes only. Such adjacent territory shall be attached for voting purposes to such corporaion, or, if the election is held in wards, to the ward or wards or election precinct or precincts to which it lies adjacent; and the voters thereof shall vote only for school officers and upon such school questions. * * *" C. L. 1913, § 1240.

"The treasurer of any city, town or village comprising a special district shall be treasurer of the board of education thereof." Laws 1889-90, chap. 62, § 187.

"The treasurer of any city, town or village comprising a special district shall be treasurer of the board of education thereof; provided, however, should the said special school district

have within its boundaries and be comprised partly of territory without the limits of said city, town or village. then the said special school district shall elect, at its regular elections, a treasurer in the manner provided by law for the election of school district treasurer." C. L. 1913, § 1254.

"Any special district organized under the general school laws and provided with a board of education may become a part of the school district in which it is located whenever it is so decided by a majority vote of the school electors of the city, town or village and of such school district voting at an election callled for that purpose. An election for such purpose shall be ordered and proper notice thereof given by the board of education and the school board of such district in the same manner as is required for the election for school officers in such district, when petitioned by one-third of the voters resident in such districts, and when so united the determination and division of the debts, property and assets shall be made by arbitration as provided in this act for school districts consolidated or divided. Towns and villages not incorporated but heretofore organized under the general school laws and provided with a board of education shall become a part of the school district in which they are severally located and the determination and division of the property, debts and assets shall be made by arbitration as aforesaid." Laws 1889-90, chap. 62, § 191.

"Any special district organized under the general school laws and provided with a board of education may become a part of the common school district in which it is located, whenever it is so decided by a majority vote of the school electors of the city, town or village and of such common school district voting at an election called for that purpose. An (election) for such purpose shall be ordered and proper notice thereof given by the board of education of the special district, and the school board of such common school district in the same manner as is required for the election of school officers in such district, when petitioned by one-third of the voters resident in such district; and when so united the determination and division of the debts, property and assets shall be made by arbitration as provided in this chapter for school districts consolidated or divided. Villages not incorporated but heretofore organized under the general school laws and provided with a board of education shall become a part of the school district in which they are located and the determination and division of the property, debts and assets shall be made by arbitration as aforesaid." C. L. 1913, § 1261.

In chap. 62, Laws 1889-90, the legislative assembly conferred upon the board of education of a special school district, among others, the powers:

"Second.   To establish and maintain such schools in their city, town or village as they shall deem requisite or expedient, and to change or discontinue the same.  *  *  *

"Seventh.   To have the custody of all school property of every kind and to see that the ordinances and by-laws.of the city, town or village in relation thereto are observed.  *  *  *

"Twelfth.   Each member shall visit, at least twice in each year, all the public schools in the city, town or village."

Laws 1889-90, chap. 62, § 181.

It also provided:

"When any board of education shall be organized under the provisions of this article it shall  *  *  *  assume control of the schools of the city, town or village, and shall be entitled to the possession of all property of the former district or districts or parts thereof lying within such city, town or village, for the use of schools." Laws 1889-90, chap. 62, § 190.

These statutory provisions have remained in force since their enactment.   See §§ 1251 and 1260, C. L. 1913.   In 1901 the legislative assembly passed an act "to provide for the creation of special school districts in incorporated cities, towns or villages constituting a part of a school district."   Chap. 186, Laws 1901.   Section 1 of the act read thus:

"Whenever any incorporated city, town or village having a population of over 200 inhabitants, shall constitute a portion of a school district, it may be organized into a special school district and the property and indebtedness of such organized school district divided as hereinafter provided."   Section 1, chap. 186, Laws 1901.

This statute was subsequently amended, and as now in force reads as follows:

"Whenever any platted or incorporated city, town or village shall constitute a portion of a school district, it may be organized into a special school district, alone or with contiguous territory, and the property and indebtedness of such organized school district divided as hereinafter provided."   Section 1230, C. L. 1913.

These statutory enactments evidence a definite legislative policy as to special school districts.   It will be noted that originally only territory within an incorporated city, village, or town could be organized as a special school district.   Laws 1889-90, chap. 62, § 173.   This was later

changed so as to permit "a city, incorporated or platted town or village, or a school district in which is located a city or incorporated or platted town or village," to be so organized. Section 1243, C. L. 1913. It will also be noted that the law as first enacted only permitted that portion of a school district which was embraced within the corporate limits of an "incorporated city, town or village having a population of over 200 inhabitants" to become segregated from the remainder of the school district and organized as a special school district. Chap. 186, Laws 1901. Later this was amended so as to permit "any platted or incorporated city, town or village," which constitutes a portion of a school district, to be "organized into a special school district, alone or with contiguous territory." Section 1230, C. L. 1913.

It will be observed that in one respect a consistent legislative policy has been pursued during the entire history of this state as regards special school districts, and that is that no special school district can be brought into being unless there exists as a basis for its creation a platted or incorporated city, town, or village. While under the present laws a special school district may be organized either from the territory within the boundaries of such city, town, or village alone, or from such territory and territory contiguous thereto, such school district cannot be organized from a portion of the territory within a platted or incorporated city, town, or village or from a portion of the territory within such city, town, or village and contiguous territory. In other words our laws do not contemplate that a portion of the territory of an incorporated city or village may be within the boundaries of some other school district. the remainder within the boundaries of some other school district. While it is true that even when the boundaries of a special school district and the boundaries of an incorporated city or village are conterminous the special school district and the city or village are nevertheless separate corporate entities, it is equally true the lawmakers in providing for the creation and operation of special school districts had in mind, and clearly intended to provide a school system for the cities, villages, and towns of the state and territory contiguous thereto. Thus, where the boundaries of a special school district and the boundaries of the incorporated city or village are conterminous, the village or city treasurer is also the treasurer of the school district. Section 1254, C. L. 1913. And when adjacent territory is attached to a special school district, such territory becomes for voting purposes (in school matters) attached to

the ward or election precinct in the city or village to which it lies adjacent. Section 1240, C. L. 1913.

As has been observed, the legislative policy of this state as regards special school districts was originally announced in the act passed by the first legislative assembly. That act was passed for the avowed purpose of establishing a uniform system of free public schools in accordance with the constitutional mandate to such legislative assembly. As we construe both the original enactment and the subsequent acts amendatory thereof, the lawmakers have consistently manifested an intention that a special school district shall be organized only in case there exists as a basis for its organization a platted or incorporated city, town, or village. In other words, the lawmakers have said there can be no special school district unless there is in existence some platted or incorporated city, town, or village, the territory within which, either alone or together with contiguous territory, may be formed into a special school district; that the first essential to the creation of a special school district is a platted or incorporated city, town, or village; that a special school district may include more territory than that included within the limits of such city, town, or village, but cannot include less, i. e. that a special school district must in all instances include all the territory lying within the corporate limits of the city, town, or village, the existence of which is essential to bring the special school district into being. This being so, we are of the opinion that where an incorporated city alone is organized as a special school district, the boundaries of the special school district constantly remain the same as the boundaries of the city; and in no event can the territory embraced within the special school district be less than the territory within the corporate limits of the city. And where, as here, the boundaries of the city are extended, it follows, we think, as a necessary legal consequence, that the boundaries of the special school district are similarly extended ,and that the territory so annexed to the city also becomes a part of the special school district, and subject to the control and jurisdiction of the Board of Education thereof. Similar conclusions have been reached by other courts in considering similar situations. McGurn v. Chicago Bd. of Education, 133 Ill. 122, 24 N. E. 529; Cravener v. Chicago Bd. of Education, 133 Ill. 145 N. E. 532; School Trustees v. Peoria School Inspectors, 155 Ill. App. 479; City of Winona v. School District No. 82, 40 Minn. 13, 41 N. W. 539, 3 L. R. A. 46, 12 Am. St. Rep. 687. See, also, Vernon School District v.

Board of Education of Los Angeles, 125 Cal. 593, 58 Pac. 175; Pass School Dist. v. Hollywood School Dist., 156 Cal. 416, 105 Pac. 122, 26 L. R. A. (N. S.) 485, 20 Ann. Cas. 87; Curtis v Bd. of Education, 43 Kan. 138, 23 Pac. 98; State v. Nichols 39 N. D. 4, 166 N. W. 813.

What has been said renders it unnecessary to consider the other ground urged by the respondent for an affirmance of the judgment. The question of the equalization of the assets and liabilities as between the plaintiff school district and Minot special school district on account of the change in the boundaries of said district is not before us. However, ample provision for such equalization is made under existing laws relating to the equalization of assets and liabilities in cases where property is attached to special school districts.

Judgment affirmed.

BIRDZELL, C. J. and BRONSON, J., concur.

ROBINSON, J., concurs in result.

GRACE, J. (specially concurring). In my opinion no other conclusion can be reached than that where a special school district is entirely composed of an incorporated city, and where the city limits are extended by annexation of territory adjoining the city, the special school district is by that act extended so as to include the newly annexed territory. This, as I view it, is the only question involved in the case.

I agree that the judgment should be affirmed.