[L. A. No. 13832. In Bank.—February 6, 1933.]

FRED C. RIEDMAN, Petitioner, v. J. OLIVER BRISON, as City Clerk, etc., et al., Respondents.

Eugene C. Campbell for Petitioner.

Nowland M. Reid, City Attorney, and Beach Vasey, Deputy City Attorney, for Respondents.

James H. Howard and Charles C. Cooper, Jr., as *Amici Curiae* on Behalf of Respondents.

WASTE, C. J.—An initiative petition, purporting to be signed by 7,253 duly qualified electors of the city of Long Beach, was presented to the city council of that municipality, submitting for adoption an ordinance directing the council to call an election on some future date not definitely fixed, at which there should be submitted to the voters the question whether or not the city of Long Beach should withdraw from membership in the Metropolitan Water District of Southern California, of which the city now forms a part. Before the city clerk had examined the petition for the purpose of ascertaining whether or not it was signed by the requisite number of qualified voters, he was restrained from proceeding further with the examination by service on him of a preliminary injunction issued out of the Superior Court of Los Angeles County.

The clerk, having thereafter taken no steps toward the examination and certification of the petition, this petition for a writ of mandate to compel him to act was filed. It is alleged that the petition submitted to the city council has in excess of 1400 more signers than the number required by the Long Beach charter to constitute a sufficient initiative petition. By way of answer to the petition, the city clerk and certain of the members of the city council plead the issuance and service upon the clerk of the preliminary injunction restraining him from proceeding further with the examination. The record in the injunction proceeding is not before us, other than that a copy of the preliminary injunction is made a part of all the answers filed. We are not informed as to the theory on which that proceeding was instituted.

It is the contention of petitioner that it is the duty of the city clerk, under the plain terms of the charter of the city of Long Beach, to examine and report to the city council as to the sufficiency of the petition, and that *mandamus* is the proper proceeding to compel him to do so. (*Wright* v. *Jordan,* 192 Cal. 704, 710 [221 Pac. 915].) It is further contended that the facts that the respondent city clerk may be a party to the action in the superior court, and that the preliminary injunction affects his action in the matter of the examination of the initiative petition, have no force or effect on his duty, in view of the provisions of section 526 of the Code of Civil Procedure, which expressly declares that "An injunction cannot be granted: . . . To prevent the execution of a public statute by officers of the law for the public benefit." Undoubtedly an injunction granted in derogation of this provision of the code is void. (*Wright* v. *Jordan, supra; Reclamation Dist.* v. *Superior Court,* 171 Cal. 672 [154 Pac. 845].) ■ But, as we are of the view, as contended by *amici curiae* for the water district, that the action of the municipality in seeking to withdraw, or in withdrawing, from a duly constituted metropolitan water district is not a municipal affair to be governed by local charter provisions, but is a matter governed by a general state law, the injunction appears to present an immaterial issue, for the question is one of law relating to the jurisdiction of the city clerk to act at all in this matter.

In our decision in *City of Pasadena* v. *Chamberlain,* 204 Cal. 653 [269 Pac. 630], the Metropolitan Water District Act (Stats. 1927, p. 694), under which the city of Long Beach became a part of the Metropolitan Water District of Southern California, was given consideration. It was held (pp. 659, 660) that the act is a general law and that its general purpose "takes it beyond the narrow scope of dealing with a merely municipal affair". The conclusion reached by the court was that the procedure governing the district must be that set out in the act, and not that prescribed in local charters. This conclusion was cited with approval in *Metropolitan Water District* v. *Whitsett,* 215 Cal. 400 [10 Pac. (2d) 751], wherein it was said, "the general purposes and objects to be subserved by the organization of a district under the act are not municipal affairs". For like holdings in similar cases, see *People* v. *City of Los Angeles,* 154 Cal.

220, 228, 229 [97 Pac. 311], *Allen* v. *Board of Trustees,* 157 Cal. 720, 723 [109 Pac. 486], and *Henshaw* v. *Foster,* 176 Cal. 507, 511, 512 [169 Pac. 82].

 Such being the settled law, it follows that resort must be had to the general law—the Metropolitan Water District Act—for the procedure to be followed when a municipality seeks to withdraw from the district. Section 10 of the act declares that: "Any municipality whose corporate area has become or is a part of any water district may withdraw therefrom in the following manner: The *governing body of any such municipality* [italics ours] may submit to the electors thereof at any general or special election the proposition of withdrawing from any water district incorporated thereunder. Notice of such election shall be given in the manner provided in subdivision (b) of section 9 hereof. Such election shall be conducted and the returns thereof canvassed in the manner provided by law for the conduct of municipal elections in said city. . . . " This language cannot be properly construed to mean other than that the legislature, in providing the manner in which territory may be withdrawn from the district, has designated the "governing body" of the municipality as the agency for submitting the proposition to withdraw, and has prescribed the formalities it has deemed necessary to effectuate the withdrawal. That this may be done, and that the power may be conferred only on the legislative body of the municipality, is well established by the decisions, *supra.* (See, also, *People* v. *Town of Ontario,* 148 Cal. 625, 630 [84 Pac. 205].)

We are therefore of the view, without further citation of the many authorities on the question, that the legislature, in its general act, which is superior to and which controls the charter provisions in the matter of withdrawal from the district, has designated the city council of the city of Long Beach as the state agency which may initiate proceedings for the withdrawal of the municipality from the Metropolitan Water District of Southern California, of which it at the present time forms a part. The provisions of the charter of the city relating to the initiative apply only to its legislative acts which, unless otherwise authorized, can relate only to municipal affairs, of which this is not one. (*Hopping* v. *Council of City of Richmond,* 170 Cal. 605, 611 [150 Pac. 977].) The matter to which the petition in the

hands of the city clerk relates, not being a matter of municipal legislation, that official has no legal duty to perform in relation to it under the charter.

Amici curiae advance the further point that the term "governing body", as used in section 10 of the Metropolitan Water District Act, *supra,* to designate the body which may submit the question of withdrawing from the district, does not include the electorate of the municipality. That is correct. A reading of section 9 of the act, providing for the inclusion or annexation of territory to a water district, confirms such conclusion. That section, considered in the light of the construction given the water district act by this court in *Pasadena* v. *Chamberlain, supra,* sustains the contention of *amici curiae.* The decision of this court in *In re Pfahler,* 150 Cal. 71, 89, 90 [88 Pac. 270, 11 Ann. Cas. 911, 11 L. R. A. (N. S.) 1092], on an almost identical question, supports this view.

For another reason, the mandate here sought should be denied. The proposed ordinance submitted to the city council would not, if adopted, submit to the electors of the city the proposition of withdrawing from the district, as must be done under the provisions of section 10 of the Metropolitan Water District Act. It merely purports to provide that an election shall be called, in the future, by the "legislative body" of the city, at which subsequent election the question of withdrawal shall be submitted to the electors. Action under the petition seems, therefore, a useless act, which does not warrant the intervention of a writ of mandate.

The alternative writ of mandate is discharged, and the application for a permanent writ is denied.

Shenk, J., Curtis, J., Langdon, J., Preston, J., and Seawell, J., concurred.