[No. 14441. Department One. — February 18, 1892.]

M. C. HUGHES ET AL., APPELLANTS, *v.* A. D. EWING, TAX COLLECTOR, ETC., ET AL., RESPONDENTS.

SCHOOL DISTRICT — PUBLIC CORPORATION. — A school district when organized as provided by the Political Code is a public corporation of a *quasi* municipal character, possessing such authority as has been conferred by the legislature, to be exercised in the mode and within the limits prescribed by the statute.

ID. — CHANGE OF BOUNDARIES — POWER OF LEGISLATURE. — The legislature has the power to change the boundaries of a school district, and in the exercise of such power it may make such provision respecting the property and obligations of the corporation as it may deem equitable or proper, and its action is conclusive.

ID. — EFFECT OF CHANGE — ABSENCE OF LEGISLATIVE PROVISION — PROPERTY RIGHTS — LIABILITIES. — When the boundaries of a school district are changed, either by forming a new corporation out of the territory of the original one or by transferring a portion of the territory to another corporation, in the absence of any provision on the subject, the old corporation will be entitled to all the property and be solely liable for all the obligations, and the territory taken therefrom will not be entitled to any of the corporate property or liable for any of the obligations of the old corporation.

ID. — TAXATION — GENERAL LAWS — POWER OF PUBLIC CORPORATIONS. — Although the legislature cannot directly impose taxes upon counties or other public corporations, it has authority to vest the power of taxation in them by general laws, and such corporations have no power to impose taxes other than that granted by the legislature, and its exercise must be within the limits and in the manner so conferred.

ID. — TAXATION OF SCHOOL DISTRICT — ERECTION OF SCHOOL-HOUSE — LIMITS OF POWER OF SUPERVISORS. — The authority of the supervisors to levy a tax in a school district for the erection of a school-house is not

only limited to the amount voted by the district, but is to be levied only upon the property within the district voting the same.

ID. — CHANGE OF BOUNDARIES BEFORE TAX LEVY — LIABILITY OF TRANS-FERRED TERRITORY. — Where the electors of a school district have voted to build a school-house, but before the levying of the tax therefor by the supervisors, the boundaries of the district have been changed, the terri-tory transferred from the limits of the district is not liable for the tax so levied; though the rule would be otherwise if the tax had been levied before the change in the boundaries.

ID. — CONSTRUCTION OF CODE — " DISTRICT " DISTINGUISHED FROM "TERRI-TORY." — The word "district," as used in section 1837 of the Political Code, providing that if the electors of a school district vote to build a school-house, the trustees are to certify this fact to the board of super-visors, who, when levying the county taxes, must levy a tax sufficient to raise the amount voted "upon all the taxable property in the district voting such tax," is not the equivalent of " territory within the district," but is a synonym for the "corporation," voting the tax; and the tax to be levied by the supervisors is limited to the property within the boun-daries of such corporation at the time of the levy.

ID. — IDENTITY OF SCHOOL DISTRICT. — By a change in the boundaries of a school district, the public corporation or district does not lose its iden-tity or name, or cease to be the same legal entity that it was before.

ID. — POWER OF TAXATION — BENEFIT TO TAX-PAYER — EXCLUSION FROM ADVANTAGE. — The power of taxation is authorized for the benefit of the tax-payer, and taxation cannot be justly compelled for an object or for the benefit of a class in which the tax-payer is directly excluded from participating.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Church & Cory,* for Appellants.

Property within a school district cannot be taxed when a portion of it is excluded before a vote is taken as to the indebtedness, as it would be taxation without representation. (Cooley on Taxation, 58, 59, 61; *Rich-ards* v. *Daggett,* 4 Mass. *534.) As a large portion of the property had been properly excluded by the board of supervisors of the county after the vote had been taken upon the indebtedness, but before any return thereof had been made to the board and action taken, the land in the exterior limits of the district cannot be taxed. (*Richards* v. *Daggett,* 4 Mass. *534.) Where the territory of a municipal corporation is divided, and

a new corporation erected from a part thereof, the old corporation will be entitled, in the absence of statutory provisions to the contrary, to the corporate property, and will be solely answerable for all the liabilities. (*Richards* v. *Daggett*, 4 Mass. 539; *Richmond Co.* v. *Lawrence*, 12 Ill. 1; *Cobb* v. *Kingman*, 15 Mass. 197; *Blackstone* v. *Taft*, 4 Gray, 250; *Hartford Bridge* v. *East Hartford*, 16 Conn. 149; *Town of Depere* v. *Town of Bellevue*, 31 Wis. 120; 11 Am. Rep. 602; *North Yarmouth* v. *Skillings*, 45 Me. 133; 71 Am. Rep. 530; *Windham* v. *Portland*, 4 Mass. 384; *Hampshire* v. *Franklin*, 16 Mass. 86.) Where the boundaries of a township have been extended after it has voted aid to a work of internal improvement, the territory brought in cannot be subjected to the tax so voted. (Cooley on Taxation, 2d ed., 59, note; *Alvis* v. *Whitney*, 43 Ind. 83.) It is certainly difficult to understand how the taxation of a district can be defended whose people have no voice in voting it, in selecting the purposes, or in expending it. (Cooley on Taxation, 2d ed., 161.)

*W. D. Tupper*, and *H. H. Welsh*, for Respondents.

The original tax voted upon the district was regular in every way, and attached to the land at the time it was voted in said district. (*Reeve* v. *Kennedy*, 43 Cal. 653.) A school district is a *quasi* municipal corporation, and the rules relating to the division of municipal corporations apply to school districts. If one municipality is set off from another, the old one (unless it is otherwise provided by statute) will retain the public property and remain liable for the corporate debts. (Cooley on Taxation, 162, 163, 239.) It will also retain the right to proceed in the collection of the tax previously voted, and they will belong to it, though collected in part from the territory now set off. (Cooley on Taxation, 239, and authorities cited in note; *Moss* v. *Shear*, 25 Cal. 38; 85 Am. Dec. 94; Blackwell on Tax Titles, 345.)

HARRISON, J.—The board of supervisors of Fresno

County, on September 6, 1890, changed the boundaries
of Fresno City school district by excluding therefrom
certain lands described in the complaint herein, and
transferring the same to other districts.  Prior to that
date, the electors of the district had voted to raise the
sum of six thousand dollars for the purpose of building
a school-house, but the trustees of the district did not
certify the fact to the supervisors until the 23d of Sep-
tember, 1890.  Thereafter, on the first Monday of Octo-
ber, the supervisors, at the time of levying the county
taxes, levied a tax sufficient to raise the sum thus voted
upon all the property that was within the district at the
time the vote was had, including the lands described in
the complaint.  The present action is brought by the
plaintiffs as owners of said lands to declare the tax null
and void as to those lands, and to restrain the defendant
Ewing, the tax collector of the county, from collecting
the same, and from selling any of the lands described in
the complaint for said tax.

A school district, when organized as provided by the
Political Code, is a public corporation of a *quasi* muni-
cipal character, possessing such authority as has been
conferred by the legislature, to be exercised in the mode
and within the limits prescribed by the statute.  The
power to change the boundaries of the district, as well
as to define them in the first instance, is of legislative
origin, and, whether exercised immediately by the legis-
lature or mediately by a board of supervisors — the
local legislature — is, whenever exercised, a legislative
act.  It is well settled that the legislature has the power
to make such changes, and that in the exercise of this
power it may make such provision respecting the prop-
erty and obligations of the corporation as it may deem
equitable or proper, and that its action in this respect is
conclusive.  It is also well settled that when the boun-
daries of such corporation are changed, either by forming
a new corporation out of the territory of the original
one or by transferring a portion of the territory to an-
other corporation, in the absence of any provision on

XCIII. CAL. — 27

the subject, the old corporation will be entitled to all the property and be solely liable for all the obligations, and that the territory taken therefrom will not be entitled to any of the corporate property or liable for any of the obligations of the old corporation. (*Town of Depere* v. *Town of Bellevue*, 31 Wis. 120; 11 Am. Rep. 602; *Laramie Co.* v. *Albany Co.*, 92 U. S. 307; Dillon on Municipal Corporations, sec. 188.)

Under these principles and authorities, in order to render the territory which was transferred from Fresno City school district to another district liable for any of the obligations incurred by that district, or to a contribution for any of its obligations, it is necessary to show that such liability has been declared by the legislature. While the constitution has taken from the legislature the power to impose taxes upon counties or other public corporations, it has not given to such corporations any power whatever to impose taxes, but has authorized the legislature to vest such power in them by general laws. (*Const.*, art. XI., sec. 12.) The power of a county or other public corporation to impose any tax is only that which is granted by the legislature, and its exercise must be within the limits and in the manner so conferred.

Section 1617 of the Political Code provides that the trustees of a school district may build a school-house " when directed by a vote of their district," and by section 1830 the trustees are authorized to call an election and submit to the electors of a district the question whether a tax shall be raised for that purpose, specifying in the notice of the election the amount of money proposed to be raised and the purpose for which it is intended to be used. (Pol. Code, sec. 1832.) If the electors of the district vote therefor, the trustees are to certify this fact to the board of supervisors, and the supervisors, when levying the county taxes, must levy a tax sufficient to raise the amount voted " upon all the taxable property in the district voting such tax." (Pol. Code, sec. 1837.)

The vote of Fresno City school district was in the

nature of an authority to the trustees from that corporation to expend the sum of six thousand dollars in the erection of a school-house. Under the provisions of the constitution, before this authority could be exercised, it was necessary that the money should be provided for by taxation. The legislature has designated the supervisors of the county as the body to levy a tax for school purposes, but has limited their authority to the amount voted by the district, and declared that it is to be levied upon the property "within the district voting the same." The "district" upon whose property the tax is to be levied is the "district" which has been constituted a public corporation, and which is designated by the name given it under the provisions of section 1575 of the Political Code. The word "district," as used in section 1837, is not the equivalent of "territory within the district," but is a synonym for the "corporation," voting the tax, and the tax to be levied by the supervisors is limited to the property within this corporation. The "Fresno City school district," in the present case, was the "district" which voted the tax, and it is upon the property within the "Fresno City school district" that the tax is to be levied. By the change in its boundaries, this public corporation or district did not lose its identity or name, or cease to be the same legal entity that it was before. (*Bates* v. *Gregory,* 89 Cal. 387.) For all purposes of corporate power or liability, it remained unchanged, and the property upon which the supervisors should have levied the tax is only such property as, at the time when the tax was levied, was within the boundaries of this corporation.

Irrespective of the construction thus given to the section, it would be difficult, upon principle, to uphold the validity of a tax upon property which is without the district to be benefited by the expenditure of the money so to be raised. The theory upon which the power of taxation is authorized is the benefit to the tax-payer. It would be manifestly unjust to compel a contribution by tax to an object or for the benefit of a class in which the

tax-payer is directly excluded from participating. The case of *Richards* v. *Daggett*, 4 Mass. 534, is almost identical in its facts with the present case, and although it is unnecessary to adopt all the views of the court in that case, yet its opinion is in accordance with the foregoing views. It is not shown in this case what proportion of the district was covered by the lands which under the change of boundaries were excluded therefrom, but that is immaterial, as the principle is the same, whether such lands were a small portion or the greater portion of the district.

If, before the change in the boundaries, the tax had been levied so as to become a charge upon the property, or an obligation from the tax-payer, it could have been thereafter collected, as was held in *Moss* v. *Shear*, 25 Cal. 38; 85 Am. Dec. 94. In that case it would have become ripened into an obligation which would constitute a part of the assets or property of the corporation, and, as we have seen, would, in the absence of any legislative provision on the subject, belong to the old corporation, the same as any other public property in its custody. So long, however, as it was only an inchoate right which had not become an enforceable obligation, the transfer of the property from the limits of the district took away the power to create such obligation. Until the assessment is made, no individual debt is incurred. (*Waldron* v. *Lee*, 5 Pick. 332; *Jackman* v. *School District*, 5 Gray, 413.)

The judgment is reversed.

PATERSON, J., and GAROUTTE, J., concurred.