[Sac. No. 676.  In Bank.—December 8, 1899.]

PHILIP KRAMM, Appellant, v. A. R. BOGUE et al., Respondents.

SCHOOL DISTRICT—DIVISION BY ENLARGED CITY BOUNDARIES—ANNEXATION FOR SCHOOL PURPOSES—CONSTRUCTION OF CODE.—Section 1576 of the Political Code. providing for the annexation by the supervisors for school purposes of the remainder of a school district divided by the organization of an incorporated city or town, upon petition of the majority of the heads of families residing therein, is to be liberally construed, as permitting such annexation where a district is divided by the reincorporation of a city or town with enlarged boundaries.

ID.—RIGHTS OF PUPILS IN ANNEXED SCHOOL DISTRICT—REGISTRATION.— Pupils resident in the remainder of the school district, which has been annexed by the supervisors to a city for school purposes, are entitled to attend the public schools of the city, though not residents of the city, in the order of their registration, which must be made by the board of education.

ID.—EQUITABLE GROUND FOR ANNEXATION—CONVEYANCE OF SCHOOL PROPERTY TO CITY.—The conveyance to the city of school property of great value in the remainder of the divided school district, including the schoolhouse situated therein, in consideration that all the residents of the district shall have the rights and privileges of the public schools of the city. even if such contract was not valid, affords a strong equitable ground for the exercise by the supervisors of their power to annex the remainder of the district to the city for school purposes.

ID.—RESULT OF ANNEXATION—APPLICATION OF PUPIL—CONSENT OF TRUSTEES.—The result of the annexation to the city of the remainder of the school district for school purposes is to destroy it as a separate school district, and there being no trustees thereof, their consent is not required to an application of a pupil to attend the public schools of the city:

ID.—AMBIGUITY OF COMPLAINT—RESIDENCE OF PUPIL—GENERAL DEMURRER.—A complaint by a parent to establish the right of his son to attend the public schools of the city, which avers that when the demand was made he was a resident of a city school district, and which also avers that he was and is residing in the former school district by its name, which it is further alleged became and is a part of the city school district by the alleged action of the board of supervisors in annexing it for school purposes, is not misleading, nor subject to a general demurrer.

APPEAL from a judgment of the Superior Court of San Joaquin County.  Edward I. Jones, Judge.

The facts are stated in the opinion.

Nicoll, Orr & Nutter, for Appellant.

J. G. Swinnerton, and E. R. Thompson, for Respondents.

HAYNES, C.—The defendants constitute the board of education of the city of Stockton, and this action was brought to have it adjudged that plaintiff's son, Frederick W. Kramm, aged eleven years, is entitled to the privileges and benefits of the public schools of said city, and to require the defendants to admit him thereto. Defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, the plaintiff electing to stand upon his complaint, judgment was entered against him, and from that judgment he appeals.

An outline of the facts shown by the complaint may be briefly stated as follows: Prior to the reincorporation of the city of Stockton in 1870 there was a school district adjacent to the city, known as North school district. By the act of reincorporation a portion of said district was added to and became part of the city, the added territory including certain real estate, the property of said North school district. In 1872 an act was passed "to provide for the settlement of the value of school property in the several school districts that were adjacent to the city of Stockton, and which was, by act of the legislature, approved January 26, 1870, included within the limits of said city." (Stats. 1871-72, p. 530.)

In March, 1882, the trustees of said North school district conveyed to the board of education of the city of Stockton its school property described as the south half of block 147 in said city, "in consideration that the residents of all that territory known as North school district, in said county, shall forever have all the rights and privileges of the public schools of the city of Stockton," said property to be held in trust for the use of the public schools of said city. In said conveyance said North school district further agreed that all the school money thereafter apportioned to said North school district should be paid to said board of education. The property so conveyed is alleged to have been then of the value of ten thousand dollars,

and now of the value of thirty thousand dollars; that the school funds apportioned to said district have been ever since paid to the board of education; that on said land so conveyed there was at that time a schoolhouse in which was conducted the public school of said district, and from that time until the exclusion of plaintiff's son the children of the residents of said North district enjoyed the privileges and benefits of the city schools.

The plaintiff further alleged that on April 5, 1897, a petition was duly made and presented to the board of supervisors of the county of San Joaquin praying that all that part of said North district which was not included in the corporate limits of the city of Stockton be annexed to said city for school purposes only; that said petition was signed by a majority of the heads of families residing in said portion sought to be annexed, and that said board of supervisors, at a regular session held on said fifth day of April, 1897, by an order duly adopted, made, and passed, did annex to said city, for school purposes only, all of said remainder of said North district, and that the same ever since has been, and is now, part of the school district of the city of Stockton; that on October 24, 1898, plaintiff applied to said defendants for the admission of his said son to the schools of said city and that his said application was refused for the alleged reason, and none other, that this plaintiff and his said child did not reside within the corporate limits of the city of Stockton, and that his said child has ever since been excluded from said schools wrongfully and unlawfully, for the reason aforesaid, and not otherwise.

Respondent contends that it does not appear that plaintiff's child has been deprived of any school privileges, in that it does not appear "that he has been prevented from attending a public school."

If, as alleged, the plaintiff and his son reside in Stockton school district, plaintiff had a legal right to have his child attend the schools in that district, and it will not be presumed that by some special arrangement he was permitted to attend a school in a district in which he did not reside. Besides, the refusal of defendants to admit him to the Stockton schools was not based upon any such reason, but was based upon the ground that he was not a resident of the city of Stockton; but if, being

a resident of Stockton district, any reason existed which justified the refusal to admit him, it was a matter of defense not proper to be anticipated in the complaint.

It is also contended that no proper application to be admitted is shown by the complaint to have been made; that the application must be made to the teacher of the school; that the scholar must be registered and admitted in the order in which applications are made. The Political Code, section 1683, is cited to this point. That section only provides that "pupils must be admitted to the schools in the order in which they are registered." It does not provide that the application shall be made to the teacher; but the Political Code defines the powers and duties of trustees of school districts and of boards of education in cities, and makes it their duty "to keep a register, open to the inspection of the public, of all children applying for admission and entitled to be admitted into the public schools, and to notify the parents or guardians of such children when vacancies occur, and receive such children into the school in the order in which they are registered." (Pol. Code, sec. 1617, subd. 14.) It is the pupils thus registered by the board of education which the teacher must receive "in the order in which they are registered."

It is not necessary now to consider or decide whether the contract of March 27, 1882, contained in the conveyance made by the trustees of North school district to the board of education, was within the power of said trustees and board, either under the general statute or under the act of 1872. If the action of the board of supervisors in adding the remainder of said North district to the city for school purposes was authorized and regular, the plaintiff was entitled to the relief prayed for, whether the same right existed under said contract or not; but if it be assumed that said contract was invalid and conferred no legal right upon the inhabitants of that portion of the original district which is now outside of the corporate limits of the city to send their children to the city schools, it nevertheless furnished a strong equitable ground for the action of the board of supervisors, in annexing it to the city for school purposes. That, however, is not sufficient to sustain their action, if such annexation is not authorized by law. Section 1576 of the Political

Code, so far as material here, is as follows: "Every city or incorporated town, unless subdivided by the legislative authority thereof, shall constitute a separate school district, which shall be governed by the board of education or board of school trustees of such city or incorporated town; provided, that whenever a city or town shall be incorporated the board of supervisors of the county may annex thereto, for school purposes only, the remainder, or any part of the remainder, of the district or districts from which such city or incorporated town was organized whenever a majority of the heads of families residing therein, as shown by the last preceding school census, shall petition for such annexation."

Respondent contends that "this section does not, in terms, apply to cities already incorporated." This construction is too narrow. North school district was wholly outside of the incorporated city of Stockton until said city was reincorporated with enlarged boundaries which included a part of said district. As to the added territory, it was a new corporation then first formed. It is obvious that a division of a school district, by adding a portion of it to an adjacent municipality, produces precisely the same conditions which would be created by the incorporation of a new city or town which divided the same district in the same manner. The conditions being the same in each case, the remedy is appropriate. This provision of the code, as well as all others, "are to be liberally construed with a view to effect its objects and to promote justice." (Civ. Code, sec. 4.) "The letter of remedial statutes may be extended to include cases clearly within the mischief they were intended to remedy, unless such construction does violence to the language used." (Sutherland on Statutory Construction, sec. 348.)

The case of *Bay View School Dist. v. Linscott*, 99 Cal. 25, cited by respondent, has no application here. It involved no question as to the power of the board of supervisors to annex territory for school purposes.

This action of the board of supervisors was not a change of boundaries of school districts under section 1577 of the Political Code, as suggested, and the provisions of the code relating thereto do not apply.

It is also said that the trustees of North school district are not alleged to have consented to the application of plaintiff's son

to attend the schools of Stockton school district. All that remained of North district having been annexed to the city for school purposes, there was thereafter no North district nor any trustees of it. Under the allegations of the complaint the plaintiff, when he made the demand that his son be admitted to the Stockton school, was a resident of Stockton school district. It is true, as said by respondent, that in the second paragraph of the complaint it is said that the son, Frederick, during said time, and is now, residing in North school district. The evident meaning is that he was and is now residing in what was North school district. Afterward, in the tenth paragraph, after alleging the said action by the board of supervisors, it is alleged that "all of said remainder of said North school district ever since has been and is now a part of the said school district of the city of Stockton." No one, we think, could be misled by said allegations, or misunderstand the plaintiff's case. Such faults in pleading are not reached by a general demurrer.

I advise that the judgment appealed from be reversed, with directions to the court below to overrule the demurrer to the complaint.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, with directions to the court below to overrule the demurrer to the complaint.

<div align="right">

McFarland, J.,　Beatty, C. J.,
Van Dyke, J.,　Garoutte, J.,
Henshaw, J.,　Harrison, J.