[L. A. No. 2308.   Department Two.—April 15, 1910.]

## CHARLES FRANKISH, Respondent, v. J. B. GOODRICH, et al., Appellants.

HIGH SCHOOL DISTRICT—SEVERANCE OF OUTSIDE TERRITORY—INCLUSION WITHIN CITY SCHOOL DISTRICT—LOSS OF OUTSIDE TAXATION.—Outside territory formerly belonging to a high school district with which it is connected, upon its inclusion within the boundaries of a city, becomes part of the school district of such city, and is thereby severed from the outside school district and high school district of which it formed a part, and cannot be subjected to any further burdens of taxation for the support of such high school district.

ID.—CONSTRUCTION OF POLITICAL CODE—EXTENT OF HIGH SCHOOL DISTRICT.—Under the sections of the Political Code bearing on the question, a high school district, so far as its territorial limits are concerned, is not a distinct entity from the school district.

ID.—ENLARGEMENT OR CONTRACTION OF BOUNDARIES.—When a school district has resolved to erect and maintain a high school, and has taken proper steps to that end, a so-called high school district is created. But it comprises the territory of the school district, its boundaries are the boundaries of the school district, and those boundaries are enlarged or contracted, increased or diminished, as are the boundaries of the school district. When the school district loses part of its territory, so necessarily the high school district loses the same part of its territory.

ID.—NATURE OF HIGH SCHOOL DISTRICT.—For obvious reasons a high school district, though having the same territory as the school district, has its own distinct funds, property, and government. It is maintained at the expense of the school district, and if it is discontinued its property is to be sold and, together with the school funds on hand, go to the school district.

ID.—TERRITORY EXCLUDED FROM HIGH SCHOOL DISTRICT—TAXATION.—Territory excluded from a high school district by becoming part of another school district is subject only to taxation in such other school district of which it becomes a part.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Byron Waters, for Appellants.

Goodcell & Goodcell, for Respondents.

HENSHAW, J.—This is in form an action by a resident taxpayer of the Ontario high school district, on behalf of himself and all other residents and taxpayers of the district, to restrain the school trustees of the Ontario school district, and the trustees of the Upland school district, and the county superintendent of schools of the county from acting as a union high school board of trustees, and from exercising or attempting to exercise any authority or control over the high school or property or the funds of the Ontario high school district; in effect the action seeks to have defined the boundaries and *status* of the Ontario high school district, concerning which matters doubt has arisen, growing out of the following facts:—

The Ontario school district came into existence in 1901 and its territory comprised all of the lands of the city of Ontario, a municipal corporation of the sixth class, and certain additional outside territory adjacent to the city. The inhabitants of the Ontario school district, as thus constituted, voted to establish, and in due course did establish and maintain, a high school therein, and thus the Ontario high school district, embracing the same territory as the Ontario school district, came into and continued in existence. In 1906 the city of Upland was incorporated as a city of the sixth class. Its boundaries included a portion of the territory adjacent to the city of Ontario, which territory had formerly been a part of the Ontario school district. They likewise embraced territory which had belonged to still a third school district and which had never been a part of the Ontario district. By virtue of the incoporation of the city of Upland, all of the territory within its corporate boundaries became, by operation of law, a school district known to the law as the Upland school district. The position of appellants is that, by the annexation to the Upland school district of the outlying territory formerly a part of the territory of the Ontario school district and Ontario high school district, the territory so annexed did not cease to be a part of the territory of the Ontario high school district, but did at once become also a part of the Upland school district; that thus, by operation of law, there was created a union high school district, composed of the Upland school district and the Ontario school district, and the defendants were therefore justified in undertaking, as they did, to control the funds and property of the Ontario high school district while acting as the trustees of the Ontario-Upland union high school district.

It is unquestioned that the outside territory formerly belonging to the Ontario school district, upon its inclusion within the boundaries of the city of Upland, became a part of the Upland school district. (Pol. Code, sec. 1576; *Hughes* v. *Ewing,* 93 Cal. 414, [28 Pac. 1067]; *Bay View School District* v. *Linscott,* 99 Cal. 26, [33 Pac. 781]; *Kramm* v. *Bogue,* 127 Cal. 122, [59 Pac. 394].) But while it is admitted that the outside territory formerly belonging to the Ontario school district ceased to be a part of that school district by its inclusion within the boundaries of the Upland school dis-

trict and became a part of the Upland school district, nevertheless it is insisted that this territory is not severed from the Ontario high school district, as distinguished from the Ontario school district; that it still remains a part of the Ontario high school district, subject to its burdens and entitled to its rights, and that by virtue of this, through some method not defined in appellants' brief, it is declared that "by operation of law there was thus created the union high school district composed of Upland school district and Ontario school district."

But a reading of section 1670 of the Political Code and of the other sections bearing upon the question make it manifest that a high school district, so far as its territorial limits. are concerned, is not a distinct entity from the school district. When a school district has resolved to erect and maintain a high school, and has taken proper steps to that end, a so-called high school district is created. But it comprises the territory of the school district, its boundaries are the boundaries of the school district, and those boundaries are enlarged or contracted, increased or diminished, as are the boundaries. of the school district. As, admittedly, the Ontario school district lost a part of its territory by the inclusion of that territory within the corporate limits of the city of Upland, so, necessarily, the Ontario high school district also lost the same part of its territory. But by that loss neither the existence nor the identity of the Ontario school district nor of the Ontario high school district was affected. (It should be here said that we are not unmindful of the fact that section 1670 of the Political Code has been repealed. It is discussed as being in force, because it was in force at the time of these proceedings, and was repealed in 1909, its place being taken by the similar provisions of sections 1720 et seq. of the Political Code.) For obvious reasons, a high school district has its own distinct funds, property, and government. (*Chico High School Board* v. *Board of Supervisors*, 118 Cal. 116, [50 Pac. 275]; *Brown* v. *City of Visalia*, 141 Cal. 372, [74 Pac. 1042].) The high school is to be maintained at the expense of the school district, and if the high school is discontinued, the high school property is to be sold and the proceeds, together with the high school funds on hand, go to the school district. Subdivision 21 of section 1670 of the

Political Code declares that a school district cannot lie partly within a high school district or a union or a joint union high school district and partly without; while section 1733 of the Political Code, as it now reads, makes the declaration the more explicit, and in terms provides that "in all cases where the boundaries of a school district comprised within any high school district shall be changed so as to exclude territory therefrom, such excluded territory shall, except as hereinafter provided, be excluded from the high school district." This is not a new declaration of law, but a declaration of the law as it has stood, put in precise words, so as to remove all doubt.

The contention that the portion of the Ontario school district now belonging to the Upland school district is still subject to taxation for the support of the Ontario high school district, and that therefore it must continue to be a part of the Ontario high school district, is without foundation in law. The territory is no longer subject to taxation in the Ontario high school district, but in the Upland school district alone. (*Hughes* v. *Ewing*, 93 Cal. 414, [28 Pac. 1067]; *Bates* v. *Gregory*, 89 Cal. 387, [26 Pac. 891].)

For the foregoing reasons the judgment appealed from is affirmed.

Lorigan, J., and Melvin, J., concurred.