[Civ. No. 1618. First Appellate District.—June 21, 1915.]

## HENRY T. SCOTT, Respondent, v. COUNTY OF SAN MATEO, Defendant; SAN MATEO SCHOOL DISTRICT, Appellant.

MUNICIPAL CORPORATIONS—SCHOOL DISTRICTS IN—APPLICATION OF GENERAL LAWS TO CITIES AND TOWNS—MUNICIPAL INCORPORATIONS ACT. The Municipal Incorporations Act, as it stood at the time of the incorporation of Hillsborough as a city or town of the sixth class, was silent as to the formation, existence, or government of school districts within cities or towns of that particular class. The constitution, however, supplied this omission with its provision that "cities and towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, except in municipal affairs, shall be subject to and controlled by general laws"; and it has been fully settled that the organization and control of school districts is not a municipal affair.

ID.—MUNICIPALITIES SEPARATE SCHOOL DISTRICTS — CONSTRUCTION OF SECTION 1576 POLITICAL CODE.—Section 1576 of the Political Code as it existed at the time of the incorporation of Hillsborough, provided that "Every city or incorporated town, unless subdivided by the legislative authority thereof, shall constitute a separate school district"; and it has been uniformly held that this provision of the code applies to municipal corporations generally, however created, and that, as this section read prior to the year 1911, it had application to cities and towns of the sixth class.

ID.—CREATION OF MUNICIPALITY—SCHOOL DISTRICT IN.—When the city of Hillsborough was created under the Municipal Incorporations Act in the month of May, 1910, a school district with boundaries coterminous with its own sprang into being by virtue of section 1576 of the Political Code as it then stood, and, even though the Municipal Incorporations Act in so far as it related to cities and towns of the

sixth class, made no provision for the organization and government of school districts therein, the general school law supplied this omission.

Id.—Section 1576 Political Code—Amendment of 1911—Construction of.—The amendment to section 1576 of the Political Code enacted in 1911 providing "Every city or incorporated town (except cities and towns of the sixth class), unless subdivided by the legislative authority thereof, shall constitute a separate school district," was not intended to be retroactive in its operation, so as to apply to the city of Hillsborough or the school district organized therein.

Id.—Taxes for School Bonds—When Inapplicable to Property in Municipality.—Property in the town of Hillsborough is not subject to a tax levied prior to its incorporation for the purpose of paying upon the principal and interest of certain bonds of the San Mateo School District issued prior to the incorporation of said town for the purchase of school lots and the building of school houses in said district, but outside the limits of said town, and where said taxes were paid under protest by the owner of such property, they may be recovered.

APPEAL from a judgment of the Superior Court of San Mateo County.    George H. Buck, Judge.

The facts are stated in the opinion of the court.

Kirkbride & Gordon, for Appellant.

Franklin Swart, District Attorney, for Defendant.

Arthur H. Redington, for Respondent.

RICHARDS, J.—This is an action brought to recover the amount of certain taxes paid by the plaintiff, under protest, to the tax collector of the county of San Mateo, which taxes had been levied by the board of supervisors of said county for the purpose of payment upon the principal and interest of certain bonds of the San Mateo School District, which bonds had theretofore been duly voted, issued, and sold. The demurrer of the defendant, county of San Mateo, to plaintiff's complaint was overruled and it failed to answer. In the mean time the San Mateo School District had filed a complaint in intervention, claiming to be the real party in interest in the matter of the levy, collection, and application of said taxes. The plaintiff's demurrer to the complaint in intervention was sustained by the court without leave to amend, and judg-

ment was thereupon entered in favor of plaintiff and against the defendant for the sum claimed and that the intervener take nothing by its complaint in intervention. The intervener is the appellant herein.

The facts of the case, as shown by the pleadings of the plaintiff and intervener, are these: The plaintiff is a resident and taxpayer of that portion of the county of San Mateo which prior to May 5, 1910, was an unincorporated portion of the territory included within the boundaries of the San Mateo School District, but which, since said last named date, has been embraced within the corporate limits of Hillsborough, a city or town of the sixth class. In the year 1905 the electors of San Mateo School District voted bonds to the amount of thirty thousand dollars for the purchase of school lots and the buildings of school-houses thereon. In the year 1907 an additional bond issue was voted for the same purposes. These two issues of bonds were serial in their nature, and were to be paid by annual levies of taxes for that purpose upon the taxable property within said district. The city of Hillsborough was incorporated on May 5, 1910, under the general Municipal Incorporations Act, [Stats. 1883, p. 93], and has since existed as a city or town of the sixth class. The territory embraced within it, including the premises of plaintiff, had theretofore been a portion of the San Mateo School District, but none of the school lots or buildings acquired by said district through the use of the funds derived from its aforesaid bond issues were within the area of the city or town of Hillsborough. On or about the first Monday of March, 1911, the county superintendent of schools appointed a board of three school trustees for Hillsborough School District, and said board thereupon duly organized and proceeded to administer the school affairs of said district. On the first Friday of April, 1911, an election for school trustees was held within said Hillsborough School District, whereupon a board of trustees was elected, which presently took steps to open a public school within said district. On the third Monday in September, 1911, the board of supervisors of San Mateo met and fixed the tax levy and rate for the current fiscal year, and after so doing, and for the purpose of levying the tax for the payment of the bond issues of the San Mateo School District, included within said tax levy all of the territory which had been embraced within its area at the time

of the issuance of such bonds, and hence included the lands and property of plaintiff lying within the new city or town of Hillsborough. The plaintiff, insisting that his properties within the area of Hillsborough had by its creation been exempted from such tax, paid his share of said tax under protest, and brought this suit to recover the same.

The first question presented upon this appeal relates to the effect of the incorporation of the city of Hillsborough as a city or town of the sixth class in respect to the creation of a new school district embracing the taxable property within its boundaries, and exempting the same from taxation to pay the bonds or sustain the schools of the San Mateo School District.

The Municipal Incorporations Act, as it stood at the time of the incorporation of Hillsborough as a city or town of the sixth class, was silent as to the formation, existence or government of school districts within cities or towns of that particular class. The constitution, however, supplied this omission with its provision that "cities and towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, except in municipal affairs, shall be subject to and controlled by general laws. (Const. art. XI, sec. 6.) It has been fully settled that the organization and control of school districts is not a municipal affair. (*Hancock* v. *Board of Education,* 140 Cal. 554, [74 Pac. 44].) Section 1576 of the Political Code as it existed at the time of the incorporation of Hillsborough provided that "Every city or incorporated town unless subdivided by the legislative authority thereof, shall constitute a separate school district." It has been uniformly held that this provision of the code applies to municipal corporations generally, however created (*Hancock* v. *Board of Education,* 140 Cal. 554 [74 Pac. 44]; *Kramm* v. *Bogue,* 127 Cal. 122, [59 Pac. 394]; *Kennedy* v. *Miller,* 97 Cal. 429, [32 Pac. 558]); and it has been only recently decided that section 1576 of the Political Code, as it read priod to the year 1911, had application to cities and towns of the sixth class. (*Frankish* v. *Goodrich,* 157 Cal. 613, [108 Pac. 685].) It would seem, therefore, incontestable that when the city of Hillsborough was created under the Municipal Incorporations Act in the month of May, 1910, a school district with boundaries coterminous with its own sprang into being by virtue of the provisions of section 1576 of the Political Code as it then stood, and it would fur-

ther seem to be quite clear that even though the Municipal Incorporations Act, in so far as it related to cities and towns of the sixth class, made no provision for the organization and government of school districts therein, the general school law supplied this omission by providing that "Except when otherwise authorized by law, every school district shall be under the control of a board of school trustees, consisting of three members." (Pol. Code, sec. 1611.) The general school law further provides that when new school districts are created the county superintendent is empowered in the first instance to appoint trustees for the same. (Pol. Code, sec. 1543, subd. 12.) By virtue of the provisions of section 1573 of the same code an election of school trustees in each school district is required to be held on the first Monday in April of each year.

In the case before us each of the foregoing steps was taken within the first year after the creation of the new city or town of Hillsborough, with the effect that by the first day of July, 1911, it contained within its corporate boundaries a fully organized district operating under the control of a duly elected board of trustees. Had no change occurred in the state of the law applicable to school districts in cities and towns of the sixth class there could be little question but that the taxable property within the boundaries of this newly organized school district would have been exempted from further liability for the past or future obligations of the San Mateo School District, and would be no longer subject to taxation to meet such obligations, especially in view of the fact that none of the property or equipment acquired by the San Mateo School District from the sale of the bonds, for the payment of which the tax in the case at bar was levied, are within the newly created school district. (Pol. Code, sec. 1888a, subd. 3; *Hughes* v. *Ewing,* 93 Cal. 414, [28 Pac. 1067]; *Johnson* v. *City of San Diego,* 109 Cal. 468, [30 L. R. A. 178, 42 Pac. 249]; *Pixley* v. *Saunders,* 168 Cal. 152, [141 Pac. 815].) The chief reliance of the appellant in this case, however, is upon the fact that section 1576 of the Political Code was changed in a material respect by an amendment thereto adopted on May 1, 1911 and which was to become effective sixty days thereafter, by which amendment the section was made to read as follows: "Every city or incorporated town (except cities and towns of the sixth class), unless subdivided by the legislative authority thereof, shall constitute a separate

school district,'' etc.   (Stats, 1911, p. 1340.)   It is the ap-
pellant's contention herein that this amendment of section
1576 of the Political Code has application to all cities of the
sixth class, whether organized before or after such amend-
ment took effect, so as to eliminate all municipal school dis-
tricts within cities or towns of that class; or in other words,
that this amendment to section 1576 is retroactive, and ap-
plies as well to cities or towns of the sixth class, and to school
districts therein organized prior to, as to those to be created
after, the amendment to the code section went into effect.
To adopt this view as to the effect of this amendment would
not only be to do violence to the express terms of section 3 of
the Political Code, which provides ''that no part of it is retro-
active unless expressly so declared,'' but would also result in
almost infinite confusion in the school system and school dis-
tricts of the state.   Section 1576 of the Political Code was
enacted in its original form in 1872, and had application to
every city and incorporated town in the state prior to its said
amendment in 1911.   The statute classifying municipal cor-
porations according to population, and creating cities and
towns of the sixth class was enacted in 1883, since which time
a large number of municipal corporations of this class have
come into being and have organized, equipped, and conducted
their school districts in pursuance of section 1576 of the
Political Code in its original form.   It cannot be reasonably
inferred that it was the intention of the legislature to wipe
out of existence these already organized school districts in so
many cities and towns of the sixth class in California, in the
absence of express language or of the clearest intent in the
amendment signifying such purpose.   The courts of this state
have held uniformly that such construction is not to be given
to statutes in the absence of an express intent.   (*San Fran-
cisco Savings Union* v. *Reclamation Dist.*, 144 Cal. 639, [79
Pac. 374], *Vanderbilt* v. *All Persons*, 163 Cal. 507, [126 Pac.
158] ; *Estate of Richmond,* 9 Cal. App. 402, [99 Pac. 554].)

It is our conclusion that the amendment to section 1576 of
the Political Code enacted in 1911 was not intended to be
retroactive in its operation so as to apply to the city of Hills-
borough, or to the school district already organized therein.

The appellant, however, urges that it should be given such
application for the reason that the school district had only
taken the initial steps toward organization when said amend-

ment became effective. But we think that this contention also is without merit; for while it is true that the city of Hillsborough had been in being nearly a year before any steps were taken to organize its school district, still the fact remains that at the first election possible after the incorporation of Hillsborough a board of trustees was elected to conduct the affairs of the school district, and was ·in being and office on the date that the amendment to the code became effective.

For the foregoing reasons we are of the opinion that the plaintiff's demurrer to the intervener's complaint was properly sustained without leave to amend, and that the judgment entered thereon should be affirmed and it is so ordered.

Judgment affirmed.

Lennon P. J., and Kerrigan J., concurred.