[Civ. No. 3622. Second Appellate District, Division One.—September 19, 1921.]

T. DWIGHT BRIGDEN et al., Respondents, v. JONA-THAN S. DODGE et al., as Board of Supervisors, etc., Appellants.

[1] COUNTIES — ILLEGAL PROTECTION DISTRICT ASSESSMENT — RETURN OF MONEY — PAYMENT OF JUDGMENT FROM GENERAL FUND OF COUNTY.—Persons owning property within a protection district from whom assessments for work have been illegally collected and who have obtained a judgment against the county for the return of their money are entitled to be paid out of the general fund of the county and are not restricted to the protection district fund, regardless of any declaration in the judgment as to the fund from which it was to be paid.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. J. Hill and Gordon Boller for Appellants.

Hartley Shaw and T. C. Gould for Respondents.

JAMES, J.—Plaintiffs, having recovered a judgment against the county of Los Angeles for a sum of money, brought this proceeding in the superior court to compel the supervisors of said county and the other disbursing officers named, to audit, allow, and pay the amount of said judg-

ment from the general fund of the county. Mandate was decreed agreeable to the prayer of the complaint and the defendants have appealed. The judgment-roll alone constitutes the record on appeal.

In 1912 the board of supervisors of Los Angeles County, acting under authority of an act to provide for the improvement of channels of innavigable streams and watercourses, as the same was approved in 1895 (Stats. 1895, p. 247) and amended in 1911 (Stats. 1911, p. 446), adopted a resolution by which a district was described under the name of Fair Oaks Protection District, and proceeded further to have surveys made and to provide for the doing of certain work and the assessment of the cost thereof against the property within said district. However, the board of supervisors did not proceed regularly with its action, but let contracts for work before commissioners had been appointed. Such procedure was not in accordance with the requirements of the act referred to. The case thus made was the same as that considered in *Pasadena Park Improvement Co. et al.* v. *Lelande,* 175 Cal. 511, [166 Pac. 341]. There it was held that the acts of the board of supervisors in ordering the doing of protection work and in levying assessments to pay the cost thereof were void. Plaintiffs having paid assessments levied against their property, located within the said Fair Oak Protection District, brought an action to recover back the money and obtained a judgment against the county, which judgment was general in its form without limiting or restricting terms as to the fund from which it was to be paid. Being a general judgment against the county, its payment would ordinarily be made from the county's common or general fund. In due course the plaintiffs presented their demand to the board of supervisors in their effort to collect upon the judgment and the board allowed the demand, but ordered that it should be paid from the Fair Oaks Protection District improvement fund. At the time the demand of plaintiffs was so allowed no money was shown upon the books of the auditor and treasurer to the credit of the fund named, and no money was thereafter credited to that fund. As it appeared that there was ample money in the general fund of the county, plaintiffs insisted that their demand should be paid, and petitioned the superior court for the

writ of mandate, which was, after final hearing, allowed to them. The position of appellants is that the Fair Oaks Protection District constituted an organization apart from the county of Los Angeles and one possessing individual and separate responsibilities, and their counsel say that, if the funds of that district were depleted, plaintiffs could not obtain satisfaction of their demand from any other source. This conclusion would be right if the premise were correctly chosen. The situation bears no analogy to that of a school district, which is referred to in some of the decisions cited, for it has been directly held that a school district is in itself a public corporation possessing powers of a *quasi*-municipal character. (*Hughes* v. *Ewing,* 93 Cal. 414, [28 Pac. 1067]; *Kennedy* v. *Miller,* 97 Cal. 432, [32 Pac. 558].) In *Pasadena Park Improvement Co.* v. *Lelande, supra,* our supreme court determined that a protection district, such as that attempted to be organized by the board of supervisors, is in nowise a public corporation and that it possesses no separate entity from the county itself; but that its scope is to authorize the creation of an assessment district to the end that the property in the district may be required to pay the cost of the work in proportion to the benefits received, and the court there says: "In all essentials is the power conferred by the act like that conferred upon city councils and boards of trustees to create assessment districts for the improvement of streets, etc." The act provides that the district shall be governed and controlled by the board of supervisors and that the board, in employing the power of eminent domain, shall act in the name of the county. While it is provided that the supervisors in the formation of the district shall proceed upon receiving a petition of land owners, that is a means only for calling into use the power of the county as vested in its legislative and administrative board, and for the particular purposes provided in the act. It is true that a special fund is created into which moneys collected to defray the cost of the improvement work are to be segregated and kept; nevertheless the county is in effect the contracting agency and the collecting power. [1] If the assessments have been *illegally collected, as was determined* in the cases of these plaintiffs, then the county is responsible and must respond to a claim for reimbursement.

Our supreme court has said, as we have noted, that a protection district of the kind referred to is similar to an assessment district described within a municipality under street improvement proceedings. In a case of the latter it has been held that the city itself owes the obligation to pay back to the property owner the amount of an assessment illegally levied and collected. (*Spencer* v. *City of Los Angeles,* 180 Cal. 103, [179 Pac. 163].) Our conclusion is that the plaintiffs are entitled to the writ which the judgment of the superior court awarded to them.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 17, 1921.

Lennon, J., Sloane, J., and Shurtleff, J., concurred.

Wilbur, J., dissented.

Shaw, C. J., did not participate.