[Civ. No. 3612. Third Appellate District.—December 28, 1928.]

H. H. SCHUTZ et al., Appellants, v. A. P. MERRILL, Respondent.

Rutledge & Rutledge for Appellants.

Albert E. Sheets and Charles K. Atram for Respondent.

PLUMMER, J.—As stated by appellant, this action involved but one question, to wit: Whether a voter at a school election held on March 30th of the year 1928 was required to be on the great register for the year 1928 and to have registered during the year 1928, thirty days prior to such election, or whether it was sufficient that the voter had registered and his name was on the registration roll of what has been called in the pleadings the old register, or the register used at the previous general election.

At the election held for school trustees of Pierce Joint Union High School District on March 30, 1928, the respondent received 390 votes. The appellant J. M. Peart received 385 votes. It was stipulated at the trial that of the 390 votes received by the respondent, eleven were cast by persons who had not registered during the year 1928 but were all properly registered on what is called the old register, or the register used at the previous general election. One vote was cast by the respondent, conceded to have been illegal by reason of the disqualification of the voter.

The trial court held that the eleven persons whose names properly appeared upon the old register, and who possessed the necessary qualifications provided by law, were qualified voters and entitled to cast their ballots for school trustee in said district on the thirtieth day of March, 1928.

By stipulation, all of the preliminary matters necessary to sustain a contest and present the question as to the legality of the votes contested, were presented to the trial court. We have, therefore, only to deal with the legal questions involved.

By section 1593 of the Political Code it is provided that an election for school trustees must be held in each school district on the last Friday of March of each year, and by section 1598 of the Political Code the necessary qualifications of an elector to vote at a school election are set forth as follows: "Every elector, resident of the school district, who is a qualified elector of the county, and who is registered in the precinct where the election is held at least thirty days before the election, may vote thereat."

Section 1083 of the Political Code fixes the qualifications constituting a qualified elector of a county, to wit: "Every native citizen of the United States, every person who shall have acquired the rights of citizenship under and by virtue

of the treaty of Queretaro, and every naturalized citizen thereof, who shall have become such ninety days prior to any election, of the age of twenty-one years, who shall have been a resident of the state one year next preceding the election, and of the county in which he or she claims his or her vote ninety days, and in the election precinct thirty days, and who has conformed to the law governing the registration of voters, shall be a qualified elector at any and all elections held within the county, city and county, city, town, or district within which such elector resides.'' This section, in prescribing the qualifications of an elector of a county, specifically states that such an elector, conforming to the requirements of the section, shall be a qualified elector at any and *all* elections, not only those held within the county, city and county, state or town, but also of the district within which the elector resides. The particular election is not specified; it simply reads, ''*all* elections.'' There are no limitations in the section as to general, special, or primary elections, but vouchsafes the right to vote at *all* elections held in the district, city, town, or county where the elector resides. If a qualified elector under the terms of section 1083 of the Political Code, then, according to the wording of section 1598 of the Political Code, the elector has a right to vote at any election for school trustee in the district in which he resides.

It is contended, however, that other sections of the code limit the exercise of the right of suffrage in school elections, even though a voter may be entitled to vote at the county election or at a municipal election. In this behalf our attention is directed to a proviso contained in section 1094 of the Political Code relating to registration of voters. This proviso reads as follows: ''Provided that where any general or special municipal election, or any other special election, including any primary election, and all special elections to vote for officers, or upon, or for, or against any proposition or question authorized to be submitted to a vote, is held on or after the first day of January, and before the first day of April of any even-numbered year, the original affidavits of registration and indexes used in the last general state election, including county, or city and county, in this state, together with the original affidavits of registration since the last election, and supplemental indexes showing all additional registrations, changes and corrections made since the

registration of the last general election, completed to, and including the 31st day of said election then being held, may be used at such election to determine the persons entitled to vote thereat.'' This proviso, however, does not purport in terms to limit, add to, or detract from the qualifications of electors specified in the sections of the Political Code which we have heretofore cited. The proviso has for its purpose the setting forth of a guide or method or means to be used by the election officers in determining whether any particular person is or is not entitled to vote at the election being held. The code sections which we have cited, all being parts of the same Political Code, and not a single one of the sections quoted purporting either in terms or by any intendment whatever to amend, change, or alter the terms of any other section, they must all be read together and harmonized. With such reading it is evident that if one is entitled to vote at an election in the county which includes the district in which he resides, he is likewise entitled to vote at all elections held in the district in which he resides, including election for school trustees. There is no escaping the conclusion that the challenged voters in this case all possessed the right to vote at any election held in the county and in the precinct in which they were residing, and it is likewise unescapable that the words ''all elections'' includes school elections, or elections for school trustees.

Again, it is urged that the code provides only for general elections, special elections, and municipal elections, and does not mention the elections referred to in section 1593 of the Political Code pertaining to the election of school trustees. In this particular our attention has been called to sections 1041, 1043, and 1044 of the Political Code. Section 1041, *supra*, reads: ''There must be held throughout the state, on the first Tuesday after the first Monday of November in the year 1880, and in every second year thereafter, an election to be known as the general election.'' Section 1043, *supra*, is as follows: ''Special elections are such as are held to supply vacancies in any office, and are held at such times as may be designated by the proper board or officer.'' And section 1044, *supra*, sets forth that, ''Except in the particulars or cases otherwise provided for in the Constitution or laws of the state, or by any provisions of a freeholder charter duly adopted or amended pursuant to the constitution of this state, all municipal elections, where same are held

separate from state elections, and all elections held under the authority of section eight of article eleven of the Constitution, to elect boards of freeholders, or to vote upon proposed charters, or upon amendments to existing charters, and all other special elections including all special elections to vote upon or for or against any proposition or question to be submitted to a vote, shall be conducted under the provisions of sections 1044, 1120, 1121, 1133 and 1151 of this Code.'' Section 1121 contains a reference to the registration that shall be used when the election is held on an even-numbered year prior to the first day of April thereof. If the election is held prior to the first day of April, the old register with supplemental registrations may be used. If the election is held the first day of April of any even-numbered year, then the section requires the use of the registration or affidavits of registration, etc., which have been had during the even-numbered year when the election is being held. Section 1120, *supra*, is only an additional provision relating to the qualifications of electors as mentioned in section 1044 of the Political Code, and explicitly states that ''every person who is a qualified elector at the general state election immediately preceding the holding of any of the elections mentioned in section 1044 of this Code, and who was registered as required by law as a qualified elector of any one of the precincts which, together, composed a special election or consolidated election precinct, and who continues to reside within the exterior boundaries of such special election or consolidated election precinct until the time of holding the election provided for and held in said section 1044, shall be entitled to vote at said election without further or additional registration, except as provided in the second paragraph of this section.'' The second paragraph refers simply to the dividing line when the old and the new registrations must be used. It thus appears, again, from section 1120 of the Political Code that anyone who is a qualified elector residing in the election precinct where the election is being held, and who is registered according to the law requiring registration for the previous general election, may vote. This second reading in connection with section 1083, *supra*, giving such a person a right to vote at all elections, reinforces the right of the elector to vote at a school election.

It is further argued that as the legislature has defined two kinds of election, to wit, by section 1041 of the Political Code,

a general election, as the election held on the first Tuesday after the first Monday of November, etc.; and, further, by section 1043, designated special elections as, "special elections are such as are held to supply vacancies in any office and are held at such times as may be designated by the proper officers," and as elections for school trustees are neither general state elections nor special elections, the code provisions which we have cited do not apply. We may admit that the definition used by the legislature in section 1043 of the Political Code referring to special elections does not in terms include an election held under the provisions for the election of school trustees. It may likewise be admitted that section 1041, *supra,* describing a particular election which is held in November, as the general election, cannot apply to the election held for the choosing of school trustees. This does not necessitate the holding, however, that the legislature intended, by the sections which we have quoted, to exclude from participation in the election of school trustees persons who are qualified under the terms of section 1083 of the Political Code to vote at *all* elections, as provided for in that section, including county, city, town or district within which such elector resides.

That the words "general election," as used in the proviso contained in section 1094 of the Political Code, may have a broader meaning than the use made of the word in section 1041 of the Political Code, is sanctioned in the case of *People* v. *Town of Berkeley,* 102 Cal. 298 [23 L. R. A. 838, 36 Pac. 591]. (We quote from the opinion on page 306 thereof: "The election held on May 8, 1893, was the annual election provided for by law for the election of municipal officers, and, in our opinion, it was a general election at which the question of reorganization might properly be submitted. It is true that the words 'general election' are ordinarily used to designate one at which state and county officers are elected, but we know of no provisions in the Constitution or statutes limiting them to such an election. Two classes of elections only are spoken of, general and special; and a regular annual municipal election cannot be included in the latter class, but must be treated as a general election.")

The views which we have taken as to the application of section 1083 of the Political Code to the case at bar are supported in the case of *Falltrick* v. *Sullivan,* 119 Cal. 613

[51 Pac. 947]. The court in that case, referring to section 1083 of the Political Code, and the right of a voter to vote at a school election being the same as that required for electors of a county, uses the following language: "Section 1083 of the Political Code as it stood before the amendment of 1893, simply required that the name of the voter 'shall be enrolled on the great register of the county.' This provision was amended in 1893 by adding the words 'fifteen days prior to an election.'" (This provision has also been added to, as we have stated, but does not change the application.) "Under the title, 'Election for School Trustees,' the Political Code, section 1598, provides: 'Every qualified elector of the county, who has resided in the district for thirty days next preceding an election, may vote thereat.' Under these provisions it is clear that, if the five persons above named were not qualified electors of the county, they were not entitled to vote for school trustees, enrollment on the great register fifteen days before and election being essential." These sections have been amended since the decision of the case of *Falltrick* v. *Sullivan, supra,* but the essential requirement is still the same, to wit: To vote at a school election the elector must be a qualified voter in the county. Section 1098 of the Political Code reads exactly the same. Section 1083 of the Political Code has been amended since the decision in the case of *Falltrick* v. *Sullivan, supra,* more clearly specifying what constitutes a voter within a county, but section 1598, providing that such a voter may vote at an election held by the choosing of school trustees, is unchanged. The opinion in the case of *Falltrick* v. *Sullivan, supra,* further holds: "School trustees are required to be elected annually on the first Friday in June, and it is obvious that the old register must remain for all purposes required by law before the completion of the new register, and the board of supervisors have no authority to declare it canceled before the registration is completed. It should be added, that the five persons alleged to have voted illegally for respondent were not enrolled upon the great register alleged to have been canceled." In that case, although the election was then held in June and now held in March, if the voter had complied with all the requirements of the law relative to placing his name upon the old registration list, he would have been entitled to vote.

■ Again, the right to vote in this state is a constitutional right, and is not to be denied, unless there is a plain provision of the code relative to the method of exercising that right, which prohibits. Section 1 of article II relative to the right of suffrage, so far as applicable here, reads: "Every native citizen of the United States, every person who shall have acquired the rights of citizenship under or by virtue of the treaty of Queretaro, and every naturalized citizen thereof, who shall have become such ninety days prior to any election, of the age of twenty-one years, who shall have been resident of the state one year next preceding the election, and of the county in which he or she claims his or her vote ninety days, and in the election precinct thirty days, shall be entitled to vote at all elections which are now or may hereafter be authorized by 'law." Here by express language, *all* elections are referred to, not simply municipal, not simply county, not simply city, not simply district, but *all* elections, and it cannot be logically argued that if one is entitled to vote at all elections held in the city, town, county, or district in which he is a resident, and at which he would be entitled to vote under the registration laws of which we have referred, such a person is not entitled to vote for school trustees at an election held for such purpose.

We do not deem it of any particular importance whether the election for school trustees held on the last Friday in March of each year all over the state is a general election or a special election, or a general election for the special purpose of electing school trustees. The sections which we have quoted clearly vouchsafe the right to vote at such election to anyone who is a qualified elector, for any other of the purposes mentioned in the code provisions. While not necessary to so hold in order to sustain the judgment of the trial court in this case, we may mention the fact that, in the case of *Pass School District* v. *Hollywood District*, 156 Cal. 416 [20 Ann. Cas. 87, 26 L. R. A. (N. S.) 485, 105 Pac. 122], the opinion refers to "school district" in the following language: "School districts of this state are public *quasi*-municipal corporations." (Citing *Hughes* v. *Ewing*, 93 Cal. 414 [28 Pac. 1067]; *Kennedy* v. *Miller*, 97 Cal. 429 [32 Pac. 558].) "Subject to such constitutional limitations as may exist, the power of the legislature over these public municipal corporations is plenary," etc. Thus, the inference

may readily be drawn that the legislature, in speaking of municipal elections, intended to include what the courts have held to be, or referred to as "*quasi*-municipal corporations," which would bring school elections within the literal wording of the provision contained in section 1094 of the Political Code.

The code provisions which we have cited, when read together, we think lead clearly and unavoidably to the conclusion that the electors of the county whose names appeared upon the great register used at the preceding general election, who were still residing in the precinct in which the election was being held, had a legal right to cast their ballots for school trustees at the election held on the last Friday in March, 1928, and that the trial court was correct in so holding.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.