STATE OF NORTH DAKOTA, Appellant, v. CHARLES J. KOPRIVA, Respondent.

(201 N. W. 167.)

**Embezzlement — county auditor's fraudulent appropriation of moneys collected for issuance of hunting licenses held embezzlement.**

1. A fraudulent appropriation by a county auditor of moneys collected for the issuance of hunting licenses (Laws 1915, chapter 161) constitutes a violation of, and renders such officer subject to prosecution under, § 9930, Comp. Laws, 1913.

**Embezzlement — statute denouncing embezzlement of public funds and securities held not impliedly repealed by game and fish law.**

2. Section 9930, Comp. Laws, 1913, which makes it a felony for "any county treasurer or other officer or person charged with the collection, receipt, safekeeping, transfer or disbursement of public moneys or securities, or any part thereof belonging to the state or any county, precinct, district, city, town or school district" to convert "to his own use, or to the use of any other person or persons, . . . such moneys or securities, or any portion thereof," is not impliedly repealed by § 47, chap. 161, Laws 1915, (Game and Fish Law) which provides that "any person who shall fail, refuse or neglect to turn over . . . any moneys collected or authorized to be collected under the provisions of this Act (Game and Fish Law) or who shall fail, neglect or refuse to turn over and deliver, all applications, mutilated and unused licenses and permits shall be fined" etc.

Opinion filed November 18, 1924.

Embezzlement, 20 C. J. § 46 p. 453 n. 21, p. 454 n. 23 New. Statutes, 36 Cyc. p. 1071 n. 25; p. 1072 n. 29; p. 1076 n. 38, 39.

Appeal from the District Court of Burke County, *Moellring, J.*

The state appeals from the decision of the trial court holding that the information does not state facts sufficient to constitute a public offense.

Reversed.

*Geo. F. Shafer,* Attorney General, and *Francis Murphy,* Special Assistant Attorney General, for appellant.

*Braatelien & McIlraith,* for respondent.

CHRISTIANSON, J.   This is an appeal by the State from an order of the district court of Burke County, dismissing a criminal action on the ground that the facts stated in the criminal information did not constitute a public offense.

The material facts are as follows: A criminal information was filed charging the defendant with the crime of embezzlement. The information averred that since April 1st, 1921, up to and including November 16th, 1922, the defendant was the duly elected, qualified and acting County Auditor of Burke County in this state; that as such county auditor and in the course of his official duties as such the defendant did, during said time, collect, receive, obtain and have in his possession and custody and under his control as county auditor of said Burke county public moneys, checks and bills of exchange of the aggregate value of $701.40, all of which said moneys, checks and bills of exchange were then and there the property of the State of North Dakota; and that the said defendant having such moneys, checks and bills of exchange in his possession, custody and control as county auditor as aforesaid, on the 16th day of November, 1922, in the said county of Burke, and State of North Dakota, did then and there wilfully, wrongfully, unlawfully, fraudulently and feloniously appropriate and convert the said public monies, checks and bills of exchange to his own use in violation of his trust and thereby did then and there embezzle the said public monies, checks and bills of exchange.

The defendant demanded that the State furnish him a bill of particulars showing the particular monies, checks and bills of exchange which it was charged that the defendant had embezzled. A bill of particulars was furnished showing that the defendant was charged with having embezzled certain monies, checks and bills of exchange, re-

ceived by him, as county auditor of Burke county, for the issuance of hunting licenses. Thereupon the defendant moved that the action be dismissed on the ground that, under the law, the defendant could not embezzle funds received by him as county auditor for the issuance of hunting licenses; that the only prosecution to which the defendant might be subjected for his alleged acts as regards such funds was under chapter 161, Laws 1915. In other words, the defendant, by the motion to dismiss, in effect, asserted that the criminal information failed to state facts sufficient to constitute a public offense. The trial court sustained this contention and dismissed the action and the State has appealed.

The information in this case was drawn under, and charged the defendant with the violation of; § 9930, Comp. Laws, 1913, which reads as follows:

"If any county treasurer or other officer or person charged with the collection, receipt, safe keeping, transfer or disbursement of public monies or securities, or any part thereof belonging to the state or any county, precinct, district, city, town or school district shall convert to his own use, or to the use of any other person or persons, body corporate, association or party whatever, in any way whatever, such public moneys or securities, or any portion thereof, or shall use the same or any portion thereof by way of investment in any kind of securities, stocks, loans, property, land and merchandise, or in any form whatever not authorized by law, or shall loan the same or any portion thereof with or without interest, to any company or corporation, association, or individual, or if any person shall advise, aid or in any manner knowingly participate in such act, every such act shall be deemed and held in law to be an embezzlement of so much of said moneys or securities as aforesaid as shall be thus converted, used, invested, loaned or paid out as aforesaid, and upon conviction thereof, such county treasurer or other officer or person shall be punished by imprisonment in the penitentiary for a term of not less than one year, nor more than twenty-one years, according to the magnitude of the embezzlement, and also pay a fine equal to double the amount of money or other property so embezzled as aforesaid; which fine shall operate as a judgment at law on all the estate of the party so convicted and sentenced, and shall be enforced by execution or other process for the use of the state, county,

precinct, district, town, city or school district whose moneys or securities have been so embezzled."

In 1915 the legislative assembly enacted a comprehensive Game and Fish Law. See chapter 161, Laws 1915. It was entitled "An Act Relating To Game and Fish, for the Propagation, Protection, and Preservation of Wild Birds, Wild Animals and Fish, Creating a State Game and Fish Board, Providing for Game Wardens, Game and Fish Commissioners and for open Seasons for Taking or Killing Certain Game Birds, Game Animals, Fur-bearing Animals and Fish. Providing for Resident and Non-resident Licenses and Providing Penalties for the Violations Thereof and to repeal, etc."

Under the provisions of the law it was (with certain exceptions) made unlawful for any person to hunt or kill any protected game or bird in this state without first procuring a hunting license as prescribed in the enactment. It was provided that such licenses would be issued by the County Auditors of the different Counties upon presentation of a proper application and payment of the required fee.

This statute also provided: "The bonds required under the general and special laws of the State of North Dakota to be given by County Auditors shall hereby be construed as applying to all the duties required of such County Auditors under the provisions of this Act, including the liability for all moneys required to be collected or received under the terms of this Act for the sale of licenses or otherwise." (Laws 1915, chap. 161, § 39.) The statute further provided that "for each license sold by him each County Auditor shall collect the charges authorized under this Act and retain as his compensation for the additional duties prescribed of such officer by this act, for all licenses sold by him, the fee of ten cents for each resident license, and the fee of one dollar for each non-resident hunting license and fifty cents for each non-resident trapping license, and the remainder he shall transmit to the State Treasurer, who shall credit the same to the Game and Fish fund to be used under the direction of the Game and Fish Board as provided in this act." The act further provided: "Any person who shall fail, refuse, or neglect to turn over as provided in this act any moneys collected or authorized to be collected under the provisions of this act, or who shall fail, neglect or refuse to turn over and deliver all applications, mutilated and unused licenses and permits

shall be fined not less than $100.00, nor more than $500.00 and cost of prosecution, and civil action may be begun by the board against his bondsmen to recover any money not turned over according to the provisions of this Act." (Laws 1915, chap. 161, § 47).

It is contended by the defendant that the last quoted provision operates as an implied repeal of § 9930, Comp. Laws, 1913, and that, consequently, no prosecution lies under that section for the embezzlement by a county auditor of fees collected by him for the issuance of hunting licenses. In our opinion this contention is wholly devoid of merit. Section 9930, supra, covers cases of fraudulent appropriation, that is, cases of embezzlement, of monies or securities belonging to the state or any of the political subdivisions thereof by an officer or person charged with the collection, receipt, safekeeping, transfer or disbursement thereof. Section 47, chapter 161, Laws 1915, does not apply to that situation at all. That section, by its express terms, relates only to a situation where there is a neglect of duty, that is, where a person "fails, refuses or neglects" to turn over as provided in the Game and Fish Law, any monies collected or authorized to be collected under the provisions of that act, or where a person "fails, neglects or refuses to turn over and deliver all applications, mutilated and unused licenses and permits." In § 47, supra, the element of fraudulent appropriation is not involved at all. Section 47 was doubtless inserted to insure expedition on the part of officers in accounting for monies collected under the Game and Fish Law. The provision, by its terms, applies only where there is "failure, refusal or neglect to turn over monies collected" or where there is "failure, neglect or refusal to turn over and deliver all applications, mutilated and unused licenses and permits." The acts so declared to be unlawful do not involve the fundamental element of embezzlement, viz.;—fraudulent appropriation. See §§ 9929, 9930, Comp. Laws, 1913. It would, indeed, be somewhat strange if the lawmakers in enacting the Game and Fish Law deliberately decided to suspend the statutes relating to embezzlement insofar as concerns funds collected under that act. Manifestly, no such intention can be attributed to the lawmakers unless they manifested such intention by the language used in the Game and Fish Act itself; for it is elementary that the law does not favor the repeal of an older statute by a later one by mere implication; that

the implication in order to be operative must be necessary; that "a later and older statute will, if it is possible and reasonable to do so, be always construed together, so as to give effect not only to the distinct parts or provisions of the latter, not inconsistent with the new law, but to give effect to the older law as a whole, subject only to restrictions or modifications of its meaning when such seems to have been the legislative purpose."

Sutherland (Lewis's Sutherland, Stat. Constr.) says: "Repeals, by implication are not favored. This means that it is the duty of the court to so construe the acts, if possible, that both shall be operative. 'When some office or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subject.' 'Considerations of convenience, justice and reasonableness, when they can be invoked against the implication of repeal, are always very potent.' 'There must be such a manifest and total repugnance that the two enactments cannot stand.' 'The earliest statute continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it; and where two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication.' These expressions of opinion are supported by numerous cases. One statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose. 'It is not enough that there is a discrepancy between different parts of a system of legislation on the same general subject; there must be a conflict between different acts on the same specific subject.' When there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed. Such is the general doctrine, in which all the cases concur." (1 Lewis's Sutherland, Stat. Constr. 2d ed. pp. 465–470).

"Where a later statute contains no reference to the former statute, and defines an offense containing some of the elements constituting the offense defined in such former statute and other elements, it is a new and substantive offense. The two statutes can stand together and there is no repeal. *So if the later statute prescribes a punishment for acts*

*with only a part of the ingredients or incidents essential to constitute the offense defined in a former statute."* (1 Lewis's Sutherland, Stat. Constr. 2d ed. p. 482).

The order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

BRONSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.