THE STATE OF NORTH DAKOTA EX REL. L. N. AGNE-BERG, Appellant, v. R. A. PETERSON, as Clerk of Perth Special School District No. 27, in Towner County, North Dakota, Respondent.

(201 N. W. 856.)

**Officers — statute providing new mode of filling office by appointment repeals by implication prior laws fixing different mode.**

1. A statute providing a new mode of filling an office by appointment repeals by implication prior laws fixing a different mode.

**Schools and school districts — statute relating to appointment of treasurer of special school district held to repeal prior statute relating thereto.**

2. In this case, it is *held* that chapter 256, Laws 1913 which provides that at the annual meeting on the second Tuesday of July in each year the board of education of a special school district "shall appoint a clerk and a treasurer, not of their own number, who shall hold their offices during the pleasure of the board" operates as a repeal of § 147, chapter 266, Laws 1911, which provides: "The treasurer of any city, town or village comprising a special district shall be the treasurer of the board of education thereof; provided, however, should the said special school district have within its boundaries and be comprised partly of territory without the limits of said city, town or village, then the said special school district shall elect, at its regular elections, a treasurer in the manner provided by law for the election of school district treasurer."

Opinion filed December 6, 1924.   Rehearing denied December 31, 1924.

Officers, 29 Cyc. p. 1402 n. 58 New.   Schools and School Districts, 35 Cyc. p. 859 n. 55.   Statutes, 36 Cyc. p. 1069 n. 14, 15; p. 1071 n. 24, 25; p. 1072 n. 28; p. 1073 n. 35; p. 1074 n. 37; p. 1076 n. 38; p. 1089 n. 98, 99; p. 1090 n. 1.

Appeal from the District Court of Towner County, *Buttz, J.*

Plaintiff appeals from a judgment dismissing his application for a writ of mandamus.

Affirmed.

*Cuthbert & Adamson,* for appellant.

*Chas. H. Houska (Newton, Dullam & Young,* of counsel), for respondents.

CHRISTIANSON, J.   The sole question presented on this appeal is whether the office of school treasurer in a special school district, lying partly without an incorporated village, is elective or appointive.   The relator contends that such office is elective and asserts that he has been duly elected to such office.   The respondent, on the other hand, contends that the office is appointive, and asserts that the alleged election of the relator was void and of no effect.   It is conceded that the answer to the question in dispute must be found in the statutes of this state.

In 1911 the school laws of this state were codified.   Laws 1911, chap. 266.   In such enactment it was provided:

"At the annual meeting on the second Tuesday in July of each year

such board of education shall organize by electing a president from among its members who shall serve for one year; and they shall also elect a clerk, not one of their own number, who shall hold his office during the pleasure of the board and receive such compensation for his services as shall be fixed by the board. In the absence of the president at any meeting, a president pro tempore may be elected by the board." Laws 1911, § 141, chap. 266.

"The treasurer of any city, town or village comprising a special district, shall be treasurer of the board of education thereof; provided, however, should the said special school district have within its boundaries and be comprised partly of territory without the limits of said city, town or village, then the said special school district shall elect at its regular elections a treasurer in the manner provided by law for the election of school district treasurer." Laws 1911, § 147, chap. 266.

In 1913 the legislative assembly enacted the following law (Laws 1913, chap. 256):

"An act to amend § 141 of article 9 of chapter 266 of the Session Laws of 1911, relating to public schools.

"Be it enacted by the legislative assembly of the State of North Dakota:

"Amendment. That § 141 of article 9 of chapter 266 of the Session Laws of 1911, of the State of North Dakota, be amended to read as follows:

"Sec. 141. Organization of Board. At the annual meeting on the second Tuesday in July of each year such board of education shall organize by electing a president from among its members who shall serve for one year; and they shall appoint a clerk and a treasurer, not of their own number, who shall hold their offices during the pleasure of the board and receive such compensation for their services as shall be fixed by the board. In the absence of the president at any meeting a president pro tempore may be elected by the board.

"Repeal. All acts or parts of acts in conflict with this act are hereby repealed."

Under our laws no special school district can be created unless there exists as a basis therefor a platted or incorporated city, town or village. A special school district may consist only of the territory lying within a platted or incorporated city, town or village; or it may consist of such

territory and additional territory adjacent thereto. Harrison School
Dist. v. Minot, 48 N. D. 1189, 189 N. W. 341. The school district
involved in this controversy is of the latter kind, that is, it is com-
posed of all the territory within the village of Perth and certain adja-
cent territory lying without the boundaries of said village. Hence, the
pertinent question on this appeal is whether, as regards such school dis-
tricts, the legislative enactment of 1913 operated as a repeal of § 147,
chapter 266, Laws 1911. The trial court ruled that it did, and in our
opinion that ruling is correct.

It will be noted that under the law in force when the 1913 legislative
assembly convened, "the treasurer of any city, town or village compris-
ing a special school district" was *ex officio* treasurer of such special
school district; but in a special school district comprised partly of ter-
ritory without the limits of a city, town or village the treasurer was
elected. The 1913 legislative assembly decided to change this. It
said: "At the annual meeting on the second Tuesday in July of each
year such board of education . . . shall appoint a . . . treas-
urer not of their own number etc." This language is definite and cer-
tain. Manifestly, it provides a new mode for selecting treasurers in
special school districts. Appellant admits that this is true as regards
special school districts whose boundaries are co-terminous with a city,
town or village; but he contends that it is limited to such districts alone.
In other words, appellant contends that the 1913 legislative enactment
was intended only to change the then existing law as regards the mode
of selecting treasurers in special school districts lying wholly within a
city, town or village; but that it was not intended to change the then
existing law as regards the mode of selecting treasurers in special school
districts comprised partly of territory without the limits of a city, town
or village.

In support of this contention appellant asserts that § 147, chapter
266, Laws 1911, in effect, constituted two enactments:—(1) one relat-
ing to treasurers in special school districts, lying wholly within a city,
town or village; and (2) one relating to treasurers in special school
districts comprised partly of territory without the boundaries of a city,
town or village. And he says, this being so, it must be presumed that
the legislature intended to repeal only the first provision or enactment
contained in the statute. Granting, that the statute, in effect, consti-

tutes two enactments,—the first dealing with one class, and the second with another class, of school districts, it by no means follows that the new statute would repeal the first provision contained in the old law. The question what, if any portion, of the old statute was repealed by the new would depend upon the context and subject-matter of the old statute and the new one, and not upon the order in which the matter is set out in the old statute.

"There is no rule of law which prohibits the repeal of a special act by a general one, nor is there any principle forbidding such repeal without the use of words declarative of that intent. The question is always one of intention, and the purpose to abrogate the particular enactment by a later general statute is sufficiently manifested when the provisions of both cannot stand together." 1 Lewis's Sutherland, Stat. Constr. 2d ed. p. 533.

The question of repeal by implication, like every other question of statutory construction and interpretation, is in its final analysis one of legislative intention. And the sole duty of the court is to ascertain and give effect to such intention. The members of the 1913 legislative assembly presumptively knew the then existing law. They knew that there existed two modes for the selection of treasurers in special school districts,—one mode applicable in a district lying wholly within a city, town or village; and another mode applicable in a district lying partly without the boundaries of a city, town or village. It is conceded that they determined to change this mode either as to all special school districts, or as to one of the two kinds of districts. It would seem that if they had intended to change it only as to special school districts lying wholly within a city, town or village, and retain the then existing mode in other school districts, they would have said so. This they did not do. On the contrary, the lawmakers said, that in the future: "At the annual meeting on the second Tuesday in July in each year such board of education shall organize by electing a president from its members who shall serve for one year; and they shall appoint a clerk and a treasurer, not of their own number," etc.

The provisions relating to the organization of the board of education, the election of a president and the appointment of a clerk of such board, indisputably apply to all special school districts. This was true under the old statute and is true under the new statute. In framing the new

statute the lawmakers deliberately used the same language in providing for the appointment of a treasurer that they used in providing for the appointment of a clerk of special school districts. If the new statute stood alone, it obviously would apply with equal force to all special school districts in the state. Unquestionably the lawmakers intended by the new statute to make some change in the law then existing and to repeal provisions of the existing law which were repugnant to and inconsistent with the new enactment. While it is true, as asserted by appellant, that repeals by implication are not favored, and that it will not be presumed that the legislature intended to repeal an existing statute unless such intention is expressly declared (State v. Kopriva, 51 N. D. 778, 201 N. W. 167), it is equally true that the intention to repeal existing laws may be manifested even though there is no express legislative declaration to that effect. "Such repeals," says Sutherland (1 Lewis's Sutherland, Stat. Constr. 2d ed. pp. 461–464), "are recognized as intended by the legislature, and its intention to repeal is ascertained as the legislative intent is ascertained in other respects, when not expressly declared, by construction. An implied repeal results from some enactment the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. In such case the later law prevails as the last expression of the legislative will; therefore, the former law is constructively repealed, since it cannot be supposed that the law-making power intends to enact or continue in force laws which are contradictions. The repugnancy being ascertained, the later act or provision in date or position has full force, and displaces by repeal whatever in the precedent law is inconsistent with it.

"Subsequent legislation repeals previous inconsistent legislation whether it expressly declares such repeal or not. In the nature of things it would be so, not only on the theory of intention, but because contradictions cannot stand together. The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance."

"A statute providing a new mode of filling an office by election or appointment repeals by implication prior laws fixing a different mode." 1 Lewis's Sutherland, Stat. Constr. 2d ed. p. 500.

The act under consideration here prescribes a new mode for the

selection of treasurers in special school districts. The language of the act is clear, definite and all-inclusive. It is as applicable to special school districts lying partly without the boundaries of a city, town or village, as to those lying wholly within a city, town or village and vice versa. There is, in our opinion, an utter inconsistency between the new statute, and the old. It is the duty of the court to give effect to the legislative will as expressed in the later enactment.

Judgment affirmed.

BRONSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.